UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CV-80992-ROSENBERG

ROMSPEN INVESTMENT LP,

    Plaintiff,

v.

STEPHEN J. DIBERT,
MFI-MIAMI HOLDINGS LLC,
MFI-MIAMI LLC, and
MFI-MIAMI NM LLC,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART THE DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** is before the Court on the Amended Motion to Dismiss filed by Defendants Stephen Dibert ("Dibert"), MFI-Miami Holdings LLC, MFI-Miami LLC, and MFI-Miami NM LLC (the "MFI-Miami Defendants"). DE 87. The Court has reviewed the Motion and the record and is otherwise fully advised in the premises, and hereby **GRANTS IN PART AND DENIES IN PART** the Motion.

**I.    BACKGROUND**

On December 14, 2023, Romspen Investment LP ("Romspen") filed its Second Amended Complaint against Dibert and the MFI-Miami Defendants, alleging defamation (Count I), defamation per se (Count II), and civil conspiracy (Count III), relating to allegedly defamatory statements that Dilbert published about Romspen and its affiliated companies on the MFI-Miami

Defendants' website and on Medium.com. *See* DE 60.  The publications occurred between May 2022 and November 2023.  *Id.* at ¶¶ 37, 42, 62, 68.

The underlying issue between the parties is as follows:  a former Defendant in this action (and now attorney for the current Defendants), Adeena Weiss-Ortiz, was entangled in a dispute with her mother about certain property.[1]  Weiss-Ortiz's mother then received a multi-million-dollar mortgage on the property from Plaintiff.  Then, the allegedly defamatory publications about the mortgage began.  Romspen claims its customer and investor relationships have suffered as a result of the posts.

In their Amended Motion to Dismiss, Defendants argue that this case should be dismissed because: the Court has no personal jurisdiction over any Defendant, the Southern District of Florida is an improper venue, service was not properly effectuated on the MFI-Miami Defendants, and the Second Amended Complaint fails to state a claim. DE 87.  The Court first addresses whether Florida has personal jurisdiction over the Defendants.

## II.   PERSONAL JURISDICTION

Plaintiff alleges in the Second Amended Complaint that the Court has personal jurisdiction over all of the Defendants. DE 60 at ¶¶ 3–9.  Specifically, Plaintiff alleges that Dibert is domiciled in Florida and that the MFI-Miami Defendants, though incorporated and headquartered in New Mexico, are subject to Florida's jurisdiction because they have an office in Florida and their sole owner and employee, Dibert, is domiciled in Florida. *Id.*  The Defendants argue in response that Dibert no longer is domiciled in Florida—and is presently without any domicile—and therefore, Florida's long-arm statute is inapplicable to the Defendants. DE 87 at 11.

---

[1] The Court accepts as true the factual allegations in Plaintiff's Second Amended Complaint and construes all reasonable inferences in Plaintiff's favor. *Franklin v. Curry*, 738 F.3d 1246, 1250–51 (11th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

An individual is subject to a state's general jurisdiction if that individual is domiciled in the state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "'A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974)). One's domicile is superseded if a person establishes physical presence elsewhere with the intent to remain there. *Id.* at 1258; *McDougald v. Jenson*, 786 F.2d 1465, 1483 (11th Cir. 1986) ("Because everyone must at all times have a domicile somewhere, it is well settled that a domicile, once established, continues until it is superceded[*sic*] by a new one.").

For nonresident defendants, that is parties who are not domiciled in a state, a court must look to whether the state's long-arm statute provides for general or specific jurisdiction over the nonresident defendant. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Plaintiff has alleged that the following prongs of Florida's long-arm statute support jurisdiction over any nonresident Defendant. DE 89 at 6.

> (1)(a) A person, whether or not a citizen or resident of this state, *who personally or through an agent* does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.

Fla. Stat. Ann. § 48.193 (West) (emphasis added).

In deciding whether the Court has jurisdiction over the Defendants, the Court accepts as true all allegations in the Second Amended Complaint. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). As to the application of Florida's long-arm statute,

3

the Court must follow Florida law, specifically Florida Supreme Court precedent and intermediary court precedent (when there are no indications to the contrary by the Florida Supreme Court). *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  The statute must be strictly construed. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).  Once Plaintiff makes its prima facie showing of jurisdiction, the burden shifts to the Defendants to properly submit affidavit evidence proving a lack of jurisdiction. *Id.*

If the Court finds that Florida's long-arm statute has been satisfied, the Court must then address whether there are any due process concerns with the exercise of personal jurisdiction. *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355.  The three-part due process test considers whether a "plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum," whether a defendant "'purposefully availed' himself of the privilege of conducting activities within the forum state," and whether "'traditional notions of fair play and substantial justice'" are satisfied. *Id.*

    a.   Whether Dibert is Domiciled in Florida

Plaintiff alleges that only Dibert is domiciled in Palm Beach County, Florida. DE 60 at ¶ 3.  Defendants contend that Dibert resided in Florida until 2023 but is presently "traveling with residence to be determined." DE 87 at 11-12.  But "everyone must at all times have a domicile somewhere." *McDougald v. Jenson*, 786 F.2d 1465, 1483 (11th Cir. 1986).  And a person's domicile is not eliminated until he establishes a new domicile. *Id*.  Until Dibert establishes a new domicile, he continues to be domiciled in Florida.  Therefore, he is subject to the general personal jurisdiction of Florida courts.

    b.   Whether Personal Jurisdiction Exists Over the MFI-Miami Defendants

4

Plaintiff alleges that the MFI-Miami Defendants are subject to Florida's jurisdiction based on Dibert's Florida domicile as well as his presence in Florida when working on behalf of the MFI-Miami Defendants. DE 89 at 10. Plaintiff asserts that the MFI-Miami Defendants have an office in Florida and Dibert is the sole "owner, member, manager, and employee" of the MFI-Miami Defendants. DE 60 at ¶¶ 8-9. The Defendants dispute these facts based on unsworn declarations which Plaintiff argues do not meet the statutory requirements of 28 U.S.C. § 1746. DE 89 at 3. The statute governs when unsworn declarations carry the weight of affidavits, requiring that declarations be signed, dated, and declare under penalty of perjury that the statements are "true and correct." 28 U.S.C. § 1746; *see also Roberts v. Sec'y, Dep't of Corr.*, No. 23-12289, 2024 WL 1830713, at *2 (11th Cir. Apr. 26, 2024). Though the declarations state that they are made under penalty of perjury, they do not state that the information is true and correct and, importantly, they do not provide a date of execution. *See* DE 88-1, DE 88-2, and DE 88-3. Due to these deficiencies, the declarations do not carry the force of affidavits and therefore the Court disregards their information and considers Plaintiff's allegations as uncontested.

Conducting business in Florida means the collective actions of a defendant "show a general course of business activity in the state for pecuniary benefit." *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1239 (S.D. Fla. 2015). To that end, courts consider whether there is "the presence and operation of an office in Florida." *Horizon Aggressive Growth, L.P. v. Rothstein–Kass*, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005). The MFI-Miami Defendants, although incorporated elsewhere, had an office in Florida and their sole employee has been domiciled in Florida at all relevant times. Since the Defendants conducted business in Florida, there is a general course of business activity such that the MFI-Miami Defendants are subject to personal jurisdiction of Florida courts.

Even if the Court credited the Defendants' declarations, the Court nevertheless would conclude that is has jurisdiction over the MFI-Miami Defendants because Dibert ran their business, was domiciled in Florida[2] and physically resided in Florida at the time of the allegedly defamatory publications in 2022. Dibert does not explicitly or implicitly dispute that he is the sole employee of the MFI-Miami Defendants nor that he was physically present in Florida at the time of the publications. DE 88-3 at 3, 14 (stating he is the owner of the MFI-Miami Defendants and that he resided in Florida until January 2023).

Plaintiff's Second Amended Complaint as to the MFI-Miami Defendants satisfies the three-part due process test. The allegations of defamation arise from the articles written and published by Dibert as the sole employee of the MFI-Miami Defendants. And as Dibert is domiciled in Florida, he purposefully availed himself and the MFI-Miami Defendants of the privilege of conducting business in Florida. The Defendants have not provided any persuasive argument as to why Florida's exercise of personal jurisdiction over any party would be unfair or unjust.[3] Thus, all Defendants are subject to the Court's jurisdiction.

### III.   VENUE

The Defendants also argue that venue in this district is improper because no Defendant is a Florida resident and therefore the venue requirements in 28 U.S.C.A. §1391(b) are not met. DE 87 at 17-18. However, the Court concludes that Dibert is domiciled in Palm Beach County, Florida and, pursuant to 28 U.S.C.A. §1391(b)(1), Dibert's domicile in Palm Beach County renders the Southern District of Florida a proper venue.

### IV.   SERVICE

---

[2] Dibert avers in his declaration that he is not domiciled in Florida, but swearing to an incorrect legal conclusion does not render it binding.
[3] The Defendants' arguments rely on the incorrect premise that Dibert is not domiciled in Florida and the MFI-Miami Defendants have little connection to Florida. DE 87 at 17.

The Defendants argue that the MFI-Miami Defendants were not properly served because Plaintiff allegedly served non-employees of the MFI-Miami Defendants' registered agents. DE 87 at 19-23.  Because the Court does not rely upon Defendant's declarations, the Court's analysis is confined to the rest of the record to conclude whether service of process was proper.

Federal Rule of Civil Procedure 4(h)(1)(B) permits service of process upon a corporation, partnership, or association through delivery of a copy of the summons and complaint to a corporate officer, a managing agent, a general agent, or an agent who has been appointed under the law to receive service of process.  And "[a] signed return of service is prima facie evidence of proper service." *See Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (citing *Blair v. City of Worcester*, 522 F.3d 105, 111–12 (1st Cir. 2008)).  The record reveals a signed proof of service for each MFI-Miami Defendant through their registered agent. DEs 7, 8, 9.

V.   **SUFFICIENCY OF PLEADINGS**

The Defendants argue that the Plaintiff insufficiently pleads the basis for all counts in the Second Amended Complaint:  that the allegedly defamatory statements were never published and are not false or not readily capable of being proven false; the civil conspiracy count cannot continue as an independent cause of action; and Florida's Anti-SLAPP statute prohibits the entirety of the Second Amended Complaint. DE 87 at 23-24.

The Court begins its analysis with the sufficiency of the defamation claims.

a.   Defamation Claims

The Defendants argue that since Plaintiff has not alleged that an identifiable third-party accessed the allegedly defamatory postings, Plaintiff cannot meet the publication requirement of a defamation claim. DE 87 at 23.  Defendants rely on *Jackson v. N. Broward Cnty. Hosp. Dist.*, 766

So. 2d 256, 257 (Fla. Dist. Ct. App. 2000) in support of their position. But *Jackson* is not a case about defamatory statements posted on websites.

In cases in which allegedly defamatory statements are disseminated online, courts treat the online post as a publication, even without any identification of a specific person who viewed the post. *E.g.*, *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1251 (S.D. Fla. 2014) (noting that allegedly defamatory statements included in a website post are published without identifying a specific person who read the statements). Even though the Second Amended Complaint does not name a specific person, it sufficiently pleads the publication element of a defamation claim - that the statements were published to a third party because these statements were posted online for anyone with internet access to see. The allegations are that Defendants' defamatory statements have negatively affected prospective business and investor relationships, implying that those groups saw at least one of the website posts.

While the Defendants argue that the published statements were not false and that Plaintiff's allegations of damages are conclusory, they do not provide any support for their arguments. As such, they are unpersuasive to the Court.

  b. Civil Conspiracy

The Defendants next argue that civil conspiracy is not an independent cause of action. DE 87 at 23. Plaintiff does not dispute that argument. Therefore, the Court dismisses Count III.

  c. The Effect of Florida's Anti-SLAPP Statute

Pursuant to Florida's Anti-SLAPP statute, Fla. Stat. § 768.295, the Defendants argue that the case "should be expeditiously dismissed with prejudice and award reasonable attorneys' fees and costs incurred in this" case. DE 87 at 25. But, the Defendants have failed to carry their burden that

8

the defamation claims should be dismissed;  thus, the argument is unconvincing at this stage that Plaintiff has violated the Anti-SLAPP statute.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendants' Motion, DE 87, is **GRANTED IN PART AND DENIED IN PART**.  Count III is dismissed, and all other counts survive.  The Defendants shall file their answers by August 19, 2024.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of August, 2024.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE