UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:23-CV-80992-ROSENBERG

ROMSPEN INVESTMENT LP,

    Plaintiff,

v.

STEPHEN J. DIBERT;
MFI-MIAMI HOLDINGS LLC;
MFI-MIAMI LLC; and
MFI-MIAMI NM LLC,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration [DE 99] of the Court's August 6, 2024, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss [DE 96]. The Defendants did not file a response.[1] For the reasons set forth below, the Motion is granted.

Plaintiff's Motion for Reconsideration raises a narrow issue. Plaintiff argues that the Court should not have dismissed its civil conspiracy claim. *See* DE 99 at 2–4. Plaintiff is correct that Defendants' only argument for dismissing the civil conspiracy claim was that a conspiracy claim requires an actionable underlying tort—in this case, defamation—and therefore the civil conspiracy count should rise or fall based upon the legal sufficiency of the defamation claims. *See* DE 99 at 2; DE 87 at 23–24. But the defamation claims survived Defendants' motion to dismiss.

---

[1] The Defendants' request for an extension of time to file a response is denied as the Court's decision is based upon briefing in the record in which the Defendants already had a fair and adequate opportunity to be heard.

*See* DE 96 at 7–8. Plaintiff therefore argues that the civil conspiracy claim should be reinstated because the defamation claims survived. *See* DE 99 at 3.

Upon reconsideration, the Court agrees with Plaintiff. Defendants' motion to dismiss raised a single argument against Plaintiff's civil conspiracy claim:

> Finally, civil conspiracy is not an independent cause of action in Florida. *Sun Life Assur. Co. v. Imperial Holdings, Inc.*, 2014 U.S. Dist. LEXIS 188601, at *14 (Fla. DCA, June 26, 2014). *Because Plaintiff's defamation claim fails* and must be dismissed, Plaintiff's *civil conspiracy claim must also be dismissed*.

DE 87 at 23–24 (emphasis added). Defendants are correct that a civil conspiracy claim fails if there is no underlying tort. *See Tejera v. Lincoln Lending Servs., LLC*, 271 So. 3d 97, 103 (Fla. Dist. Ct. App. 2019) ("There is no freestanding cause of action in Florida for 'civil conspiracy.' In order to state a claim for civil conspiracy, a plaintiff must allege an underlying independent tort."). But the Court has already found that Plaintiff sufficiently alleged an underlying tort—defamation. *See* DE 96 at 7–8. Because Plaintiff's defamation claims survived, Defendants' only argument—that Plaintiff failed to plead an underlying tort—fails. *See Tejera*, 271 So. 3d at 103. Defendants had the opportunity to challenge the civil conspiracy claim on other grounds in their motion to dismiss, but they did not do so. *See generally* DE 87.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion for Reconsideration [DE 99], is **GRANTED**. Count III of the Second Amended Complaint [DE 60] is reinstated. The Defendants shall file their answer to this count by September 18, 2024. The Court does not grant leave to the Defendants to file an amended answer to any other count.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of September, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE