UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-CV-80992-ROSENBERG

ROMSPEN INVESTMENT LP,

    Plaintiff,

v.

STEPHEN J. DIBERT,
MFI-MIAMI HOLDINGS LLC,
MFI-MIAMI LLC, and
MFI-MIAMI NM LLC,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

**THIS CAUSE** is before the Court on Plaintiff Romspen Investment LP's Motion to Dismiss [DE 135] Defendants Stephen Dibert, MFI-Miami Holdings LLC, and MFI-Miami LLC's (collectively, "Defendants") Counterclaim [DE 129] for abuse of process. The Court has reviewed the Motion and the record and is otherwise fully advised in the premises, and hereby **GRANTS** the Motion.

### I. BACKGROUND

**1. Allegations in Plaintiff's Complaint**

Plaintiff is a private commercial mortgage lender based in Canada. *See* DE 129 at 39. Defendants allegedly "conduct[] examinations and research into appraisal fraud, mortgage compliance, mortgage fraud, mortgage modifications, mortgage payment issues, mortgage securitization and title insurance issues." DE 60 ¶ 8.  In 2020, Plaintiff took over as the principal

mortgage lender on a property in Miami owned by Caroline and Jack Weiss. *See id.* ¶¶ 20, 23–24. In 2014, Caroline and Jack's daughter, Adeena Weiss-Ortiz, filed a lawsuit alleging that she had an ownership interest in that property. *Id.* ¶ 22. The Complaint alleges that, between 2022 and 2023, Defendants made "false, misleading, and defamatory internet posting[s] concerning [Plaintiff]" related to the mortgage Plaintiff issued to Caroline Weiss for the Miami property and Weiss-Ortiz's lawsuit against Plaintiff. *Id.* ¶ 38; *see also id.* ¶ 62. For example, one of the allegedly defamatory postings was titled "Lawsuit Alleges Developer Caroline Weiss Perpetrated a Multi-Million Dollar Fraud Scheme Against Her Own Children," and it criticized Plaintiff for "Inept Due Diligence" when lending money to Caroline Weiss. *Id.* ¶¶ 38, 40. Plaintiff alleges that Weiss-Ortiz "maintains a business relationship with" Defendants, although Defendants deny this allegation.[1] *Id.* ¶ 12.

## 2.     Allegations in Defendants' Counterclaim[2]

Defendants' abuse of process counterclaim alleges that Plaintiff's Complaint is "false because [Plaintiff] knew that all articles were true and a matter of public record," and, therefore, Plaintiff filed the Complaint "in bad faith, with actual malice and with improper purpose." DE 129 at 40. The Counterclaim asserts that Plaintiff "failed to do their due diligence before filing suit" and "rel[ied] on false evidence to support [this] lawsuit" because Defendants claim that they do not own the domain name where the allegedly defamatory internet articles were published. *See id.* Defendants also allege that Plaintiff is using this lawsuit to harass Defendants, as demonstrated by the fact that Plaintiff's counsel has emailed Defendants' counsel 124 times since August 7, 2023, "which averages over 2 emails per week and sometimes 11 per day." *Id.* at 41.

---

[1] Weiss-Ortiz is an attorney, and she represents Defendants in this lawsuit. *See id.* ¶ 11; DE 129 at 42.

[2] The Court accepts Defendants' factual allegations in their Counterclaim as true and draws inferences from the Counterclaim in the light most favorable to Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).

3. **Procedural History**

On December 14, 2023, Plaintiff Romspen Investment LP ("Romspen") filed its Second Amended Complaint (the "Complaint") against Defendants alleging defamation, defamation per se, and civil conspiracy *See* DE 60.  The Court denied Defendants' motion to dismiss the Complaint. *See* DEs 96, 103. Defendants filed the operative answer and affirmative defenses on October 18, 2024. *See* DE 129.  Their answer included a single counterclaim for abuse of process. *See id.* at 39.  Plaintiff now moves to dismiss that counterclaim. *See* DE 135.

## II.   LEGAL STANDARD

Allegations within a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), the Court accepts Defendants' factual allegations as true and draws inferences from the Counterclaim in the light most favorable to Defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009);.  However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citing *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996)).  The Court's review of a Rule 12(b)(6) motion is ordinarily limited to the face of the complaint and any attachments thereto. *See Brooks v. Blue Cross & Blue Shield Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).  "To avoid dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a counterclaim must contain sufficient factual matter that, accepted as true, 'state[s] a claim to relief that is plausible on its face.'" *Zurich Am. Ins. Co. v. Tavistock Restaurants Grp., LLC*, No. 21-14215, 2022 WL 16985151, at *2 (11th Cir. Nov. 17, 2022) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).  For a counterclaim to have facial plausibility, a defendant must plead "factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard "asks for more

3

than a sheer possibility that [the opposing party] has acted unlawfully." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

### III.   ANALYSIS

"The elements of a cause of action for abuse of process under Florida law are: 1) an illegal, improper, or perverted use of process by the defendant; 2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and 3) damages to the plaintiff as a result." *Hadden v. Loar*, No. 15-cv-14416, 2016 WL 10520024, at *5 (S.D. Fla. Dec. 27, 2016) (citing *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. Dist. Ct. App. 2001)). "Under Florida law, '[a] cause of action for abuse of process requires a showing of willful and intentional misuse of process for some wrongful and unlawful object or collateral purpose,' that is, it requires use of process in a manner or for a purpose for which it was not intended or a 'perversion of the process after its issuance.'" *Id.* (quoting *Peckins v. Kaye*, 443 So. 2d 1025, 1026 (Fla. Dist. Ct. App. 1983)). "There is no abuse of process when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior motive." *Id.* (quoting *Thomson McKinnon Secs., Inc. v. Light*, 534 So. 2d 757, 760 (Fla. Dist. Ct. App. 1988)).

Defendants have not alleged sufficient facts to support an abuse of process claim. Many of the allegations are conclusory. *See, e.g.*, DE 129 at 40–41 ("[Plaintiff] had an ulterior motive or improper purpose in using process other than that for which the process was designed or intended."). The remaining allegations fail to state a claim for abuse of process. *First*, Defendants allege that the Complaint relied "on false evidence to support [the lawsuit]." *Id.* at 41. Defendants do not identify any specific falsities in the Complaint. *See id.* And this factual dispute is at the heart of Plaintiff's claims. Getting to the bottom of who (if anyone) is lying—and who is telling the truth—is the intended purpose of a defamation lawsuit. *See Chevaldina v. Ctr. for Individual*

4

*Rts.*, No. 20-cv-24690, 2021 WL 8776795, at *16 (S.D. Fla. Dec. 15, 2021) (dismissing abuse of process claim premised on an allegedly false affidavit used to support summary judgment because the "claims allege[d] that Defendants used the legal process for its intended purpose—to support its summary judgment motion—even if they attempted to achieve that purpose through false affidavits").

*Second*, Defendants allege that Plaintiff's counsel harassed Defendants and their counsel by "send[ing] unnecessary emails." DE 129 at 41.  On average, Plaintiff's counsel sent "over 2 emails per week and sometimes 11 per day," and sent some emails on religious holidays. *Id.* Defendants do not allege that any of these emails were threatening, unprofessional, or otherwise improper. *See id.*  The mere quantity of emails exchanged between counsel during active litigation, absent further allegations of impropriety, cannot support an abuse of process claim.[3]

*Finally*, Defendants argue in their opposition brief that Plaintiff improperly used this lawsuit to "prohibit Defendants from exercising their right to freedom of speech as to newsworthy information." DE 143 at 6.  But Defendants did not allege this ulterior motive in the counterclaim. *See* DE 129 at 39–42.  Even if they had, this factual dispute goes to the heart of the claims and affirmative defenses in this case, making it part of the intended purpose of the judicial process. *See Hadden*, 2016 WL 10520024, at *5.  Defendants have not plausibly alleged facts to support their abuse of process counterclaim.

The Court therefore dismisses the counterclaim without leave to amend.  The deadline to amend pleadings was October 8, 2024. *See* DE 97.  The Court previously extended this deadline to allow Defendants to bring this counterclaim. *See* DE 122.  After filing their counterclaim,

---

[3] Defendants' opposition to the motion to dismiss does not address this issue. *See* DE 143.  Therefore, Defendants abandoned any argument that the emails could support an abuse of process claim. *See Carter v. BPCL Mgmt.*, No. 19-cv-60887, 2021 WL 7502562, at *1 (S.D. Fla. Sept. 22, 2021) (failure to refute opposing arguments "operates as a waiver of those arguments and is akin to a failure to respond").

Defendants again requested more time to amend their counterclaim. *See* DE 124.  This suit has been pending for eighteen months, and further delaying the finalization of the pleadings through additional amendments would unfairly prejudice Plaintiff. *See Hamze v. Steele*, 509 F. App'x 897, 899 (11th Cir. 2013).

* * *

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Defendants' Counterclaim, DE 135, is **GRANTED**, and Defendants' counterclaim is dismissed without leave to amend.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of January, 2025.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE