UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80992-RLR

ROMSPEN INVESTMENT LP,

        Plaintiff,

v.

STEPHEN J. DIBERT, et. al.,

        Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE TO RENEW PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS [ECF No. 157]

Plaintiff says Defendants have allegedly published defamatory information about Plaintiff's counsel and his family. As a remedy, Plaintiff asks for a gag order that requires Defendants to remove certain internet postings, and refrain from making further internet statements about Plaintiff or its counsel. ECF No. 157 at 11-12. Plaintiff also asks that Defendants be compelled to publish a retraction on their webpage, pay monetary sanctions and attorneys' fees; Plaintiff further asks the Court to hold a show cause hearing, and to make a referral to the United States Justice Department for criminal investigation. ECF No. 157 at 12-14. As the legal basis for this broad-ranging relief, Plaintiff cites Fed. R. Civ. P. 1, the Court's inherent authority to punish bad faith conduct, and Fed. R. Civ. P. 26(c)(1). *Id*. at 9-10.

Rule 26(c)(1) does not apply. By its clear terms, that Rule applies only to discovery-related matters. The movant must be "any person from whom discovery is

sought." The remedies listed in the Rule all regulate discovery-related behavior. Fed. R. Civ. P. 26(c)(1)(A)-(H). Plaintiff has not shown that Defendants' disseminating information about its counsel relates to discovery in this case.

Plaintiff has not shown that this Court should exercise its discretionary inherent authority to impose a gag order. Federal courts possess an inherent power to "police those appearing before them," and to punish bad faith conduct that affects proceedings pending before the Court. *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017). That inherent power is necessary for Courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962). "The inherent powers of federal courts are those which 'are necessary to the exercise of all others.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted). "The most prominent of these is the contempt sanction, 'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court ...' Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Id.* (citations omitted) (ellipses in original). "The key to unlocking a court's inherent power is a finding of [subjective] bad faith." *Purchasing Power LLC,* 851 F.3d at 1223.

"A gag order is a prior restraint on speech and, as such, is 'the most serious and the least tolerable infringement on First Amendment rights.' With the specter of an 'immediate and irreversible sanction,' a prior restraint not only 'chills' speech, it

2

'freezes' it at least for the time. Accordingly, '[a]ny system of prior restraints of expression ... bear[s] a heavy presumption against its constitutional validity.'" *United States v. McGregor*, 838 F. Supp. 2d 1256, 1260 (M.D. Ala. 2012) (citations omitted) (citing U.S. Supreme Court precedents). That presumption can be overcome when the speech in question imperils other rights, such as the right to a fair trial. *Id.; see also Dow Jones & Co., Inc. v. Kaye*, 90 F. Supp. 2d 1347, 1359–60 (S.D. Fla. 2000) (J. Jordan), *order vacated, appeal dismissed,* 256 F.3d 1251 (11th Cir. 2001).

Even assuming (without deciding) that Defendants' conduct rises to the level of bad faith, the sanction of a gag order is not appropriate unless the Plaintiff shows conduct that would directly affect its ability to receive a fair trial. Plaintiff has not met this burden. Plaintiff has not proffered that any of the recipients of the communications will be witnesses at the trial, or that the testimony of any such witness has been influenced. Plaintiff's counsel has not sought to withdraw nor has it indicated that its ability to zealously represent Plaintiff has, in fact, been compromised.

Plaintiff's request that the Court compel Defendant to post a retraction fairs no better. Content-based compelled speech is subject to strict scrutiny. *NetChoice, LLC v. Att'y Gen., Fla.,* 34 F.4th 1196, 1223 (11th Cir. 2022), *vacated and remanded on other grounds sub nom. Moody v. NetChoice, LLC,* 603 U.S. 707 (2024). It must be narrowly tailored to serve a compelling government interest. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 171 (2015). Here, the government's interest is the right to a fair trial. For the reasons stated above, Plaintiff has not shown that Defendants'

communications sufficiently endanger that right.

In any event, the Court would exercise its discretion not to invoke its inherent power. If Defendants' behavior later threatens the integrity of the proceedings before this Court, the Court will not hesitate to act. Until then, the Court declines Plaintiff's invitation to police Defendants' out-of-court behavior.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of January 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE