UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80992-RLR

ROMSPEN INVESTMENT LP,

            Plaintiff,

v.

STEPHEN J. DIBERT, et. al.

            Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (ECF No. 184)**

Plaintiff asks for reconsideration of my Order [ECF No. 177] denying its request for sanctions and a protective order. ECF Nos. 184, 192. Reconsideration should be granted only if (1) an intervening change in controlling law occurs, (2) newly discovered evidence arises, or (3) the need to correct a clear error or prevent manifest injustice exists. *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.,* No. 07-22326-CIV, 2008 WL 11333262, at *3 (S.D. Fla. Apr. 29, 2008). Reconsideration is "an extraordinary remedy which must be used sparingly." *Guevara v. NCL (Bahamas) Ltd.*, No. 15-24294-CIV, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017) (citation omitted). A motion for reconsideration "cannot be used to relitigate old matters, [or] raise argument or present evidence that could have been raised prior to the entry to judgment." *Id. quoting Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

Plaintiff does not allege the law has changed. It proffers new evidence of Defendants' continued behavior and argues this Court erred by not expressly considering Plaintiff's request to (1) require Defendants to take down internet postings, (2) impose monetary sanctions, (3) require Defendant to appear for a hearing to explain his behavior, (4) award attorney's fees. ECF No. 184 at 5.

The Court cannot impose a remedy unless (1) there is some improper conduct to be remediated and (2) the law gives the Court power to act. Here, Plaintiff invoked two legal bases for Court action – the inherent power to police the Court's own proceedings, and Federal Rule of Civil Procedure 26(c). Its Motion for Reconsideration cites no other authority. As explained in my prior Order, Rule 26(c) does not apply, here. ECF No. 177 at 1-2. And, under binding Eleventh Circuit precedent, the Court's inherent power can be used only "to punish bad faith conduct *that affects proceedings pending before the Court.*" ECF No. 177 at 2 (emphasis added). "Further, when imposing sanctions pursuant to their inherent authority, courts require that the conduct or fraud be proven by clear and convincing evidence." *Kleiman v. Wright,* No. 18-CV-80176, 2020 WL 3451682, at *17 (S.D. Fla. June 24, 2020)

The sole case cited in support of the motion to reconsider is *United States v. Trump,* 88 F.4th 990 (D.C. Cir. 2023). In that criminal case, the D.C. Circuit relied on U.S. Supreme Court precedent to derive a three-part test for restraining a litigant's speech: a trial court can only act if: (1) the order is justified by a sufficiently serious risk of prejudice to an ongoing judicial proceeding, (2) less restrictive alternatives would not adequately address that risk, and (3) the Order is narrowly

2

tailored, including whether the Order effectively addresses the potential prejudice. *Id*. at 1007.

Applying this test, the D.C. Circuit first held that the trial court was within its discretion to limit the litigant's speech because that speech presented "a significant and imminent risk to the fair and orderly administration of justice." *Id*. at 1007. It noted that the defendant had verbally attacked known and potential witnesses, and that those verbal attacks had been shown to "have real-world consequences." *Id*. at 1010-1011. And, it held that the record evidence supported the trial court's factual finding that "when Defendant has publicly attacked individuals, including on matters related to this case, those individuals are consequently threatened and harassed." *Id*. at 1012.

Nevertheless, the D.C. Circuit held that a blanket ban on statements about opposing counsel was "not narrowly tailored to maximize the amount of protected speech allowed while still averting the 'substantive evil of unfair administration of justice.'" *Id*. at 1019 (citation omitted). It said the proper line was to prohibit statements "made with the intent to materially interfere with their work or the knowledge that such interference is highly likely to result." *Id*. at 1026.

Plaintiff argues that the "intent to materially interfere" standard applies here. This argument ignores a necessary predicate: the D.C. Circuit first found that the evidence in the record showed there was a sufficiently serious risk to the administration of justice to warrant *some* restraint on the litigant's speech. Then, and only then, in deciding the extent of the restraint, did it look to whether the speaker

3

had an intent to materially interfere. Here, Plaintiff has not satisfied the initial burden of producing enough evidence to justify a restraint on speech.

I noted this lack of evidence in my prior Order. ECF No. 177 at 3. In requesting reconsideration, Plaintiff addresses this issue only in a footnote. ECF No. 184 at 10 n.8. First, "a footnote is an incorrect place for substantive arguments on the merits." *Espinoza v. Galardi S. Enterprises, Inc.*, No. 14-21244, 2018 WL 1729757, at *4 (S.D. Fla. Apr. 10, 2018); *see Pinson v. JPMorgan Chase Bank, Nat'l Ass'n,* 942 F.3d 1200, 1209 n.5 (11th Cir. 2019) ("We do not ordinarily consider arguments raised in passing in one footnote rather than the body of the brief."). Second, Plaintiff argues for a "reasonable person" standard from a federal criminal statute without citing to any authority applying that standard in the First Amendment context. Finally, and most importantly, Plaintiff does not offer any new evidence that Defendant's speech creates a sufficiently serious risk to the integrity of the ongoing judicial proceedings. At best, it offers conclusory statements and speculation.

Plaintiff also says, "Defendants' latest actions clearly take their conduct into the criminal realm, which alone justifies this Court's swift and certain action." ECF No. 184 at 12. It then says, "No court may permit a party before it to engage in criminal cyberstalking of his opponent and their legal counsel without ordering relief of any kind. The Court needs no further evidence to justify strong and definitive action to protect the integrity of these proceedings." *Id.*[1]

---

[1] Plaintiff also says, "Defendants' continued publishing of these false assertions [that

Plaintiff is wrong. This Court is not a free-wheeling arbiter of all bad behavior. It can only exercise power within its subject matter jurisdiction and can only impose remedies authorized by law.

Plaintiff asks the Court to invoke its inherent power to police its own proceedings. Plaintiff has not offered *evidence* that those proceedings are being affected in a way that would authorize this Court to intervene. So, Plaintiff is not entitled to any judicial remedy.[2]

The Motion for Reconsideration is DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of February 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

---

Defendants' counsel was engaged in the unauthorized practice of law] long after the Court and Florida Bar rejected them merits a contempt finding on its own." ECF No. 184 at 9. This argument is curious given that Plaintiff's original motion did not ask for a contempt finding. Also, Plaintiff has not offered a factual basis for civil or criminal contempt; that is, (1) Plaintiff has not identified a Court order that was disobeyed, and (2) Plaintiff has not shown disrespectful behavior in the presence of the Court.

[2] I express no opinion on whether Plaintiff may have other remedies for the Defendant's behavior, including making their own referral to a prosecutor or filing a separate action for defamation.