IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROMSPEN INVESTMENT LP,<br>　　　　　　　　Plaintiff,<br>　v.<br><br>STEPHEN J. DIBERT,<br>MFI-MIAMI HOLDINGS LLC,<br>MFI-MIAMI LLC, and<br>MFI-MIAMI NM LLC,<br>　　　　　　　　Defendants. | Case No. 9:23-cv-80992-RLR<br><br>Judge Robin L. Rosenberg<br><br>Magistrate Judge Bruce E. Reinhart |

**PLAINTIFF ROMSPEN'S UNOPPOSED[1] MOTION FOR LEAVE TO FILE
UNDER SEAL AN UNREDACTED COPY OF EXHIBIT D TO DKT. 203
(MOTION REGARDING DEFENDANT DIBERT'S EMAIL SENT
TO ROMSPEN'S COUNSEL), AND ROMSPEN'S NOTICE THAT DEFENDANTS
APPARENTLY DO NOT ASSERT ANY PRIVILEGE OVER THE EMAIL AT ISSUE,
MEANING THE UNDERLYING MOTION (DKT. 203) MAY BE GRANTED**

　　　　On February 24, 2025, Plaintiff, Romspen Investment LP ("Romspen"), filed its *Motion to Confirm That Defendant Dibert's E-mail Sent to Romspen's Counsel on January 8, 2025 Is Not Privileged* (Dkt. 203) (the "Motion"). Attached as Exhibit D to the Motion was a redacted copy of the January 8, 2025 email at issue (the "Email"), which was sent by Defendant Stephen Dibert ("Dibert") to Defendants' former counsel and Romspen's counsel. In the Motion, Romspen noted that it had attached a redacted version of the Email as Exhibit D and would seek leave to file the unredacted version of Exhibit D under seal or for *in camera* review. (Dkt. 203 at 3 & n.3.)

　　　　During the meet-and-confer process under Local Rule 7.1 between Dibert and Romspen's counsel Christian Poland ("Poland") regarding the relief sought in this motion, Dibert expressed no opposition to Romspen filing this motion and appeared to communicate that he does not

---

[1] See discussion below.

1

contend the Email is confidential or privileged. (*See* Ex. A [Emails between Poland and Dibert dated 2/27/25].) To confirm that this was Dibert's position, Poland sent an email to Dibert stating, "In light of your response, we will communicate to the Court that you do not consider your January 8, 2025 email to be confidential and that you consent to it being filed in the public court record. If I have misunderstood your position, please let me know." (*See id.*) Dibert did not respond, apparently confirming Romspen's understanding. Thus, because Dibert does not contend that the Email was intended as a confidential communication, Romspen's Motion seeking to confirm the Email is not privileged (Dkt. 203) may be granted in full.

Nevertheless, in an excessive amount of caution, and to permit the Court the opportunity to review the Email if it wishes before it is filed in the public court record, Romspen now moves, pursuant to Local Rule 5.4, for leave to file an unredacted copy of Exhibit D under seal (or for leave to provide the unredacted email to the Court for *in camera* review). Again, as stated in the Motion, Romspen does not believe the Email is privileged or entitled to any other confidentially protection, but Romspen seeks the Court's formal affirmation of that point.

Local Rule 5.4 provides the procedure for seeking to file a document under seal. S.D. Fla. L.R. 5.4(b). Federal Rule of Civil Procedure 26 also authorizes a court, for good cause**,** to enter a protective order to seal or to limit disclosure of certain materials. *See, e.g.,* Fed. R. Civ. P. 26(b)(3)(B). Courts in this District have found "ample reason" to permit the filing of documents under seal when there may be a dispute regarding the potentially privileged nature of a document. *See, e.g., Guarantee Ins. Co. v. Heffernan Ins. Brokers, Inc.*, No. 13-23881-CIV, 2014 WL 5305582, at *1 (S.D. Fla. Oct. 15, 2014) ("Here, there is ample reason to seal the filed emails. First, these documents have not been attached to a substantive pretrial motion of any kind. Second, at issue here is a discovery dispute—i.e., whether the documents that Defendants

2

claim are protected work product should in fact be produced. The Court has agreed to review the documents in camera, and it is for this reason alone that they have been filed at all. It follows in a case like this that there is good cause for the documents to be filed under seal."). Romspen seeks to submit the unredacted Email to the Court under seal for the time being to avoid any risk that Defendants will later attempt to contend that the Email is privileged, despite the reasons presented in the Motion as to why no privilege applies. Romspen believes that review of the unredacted Email will be helpful to the Court in deciding the Motion.

For the foregoing reasons, Plaintiff, Romspen Investment LP, requests that this Court grant Romspen leave to file an unredacted copy of Exhibit D to Romspen's Motion (Dkt. 203) under seal (or grant it leave to provide the Email to the Court by email for *in camera* review). Alternatively, Romspen requests that the Court grant it leave to file an unredacted copy of Exhibit D in the public record because Defendants have not objected to Romspen's doing so.

**Meet-and-Confer Certification**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Counsel for Romspen certify that they complied with the meet-and-confer obligations of Rule 7.1 by engaging in email communications with Defendant Dibert regarding the relief sought by this motion, as discussed above and as attached as Exhibit A to this motion.

Dated:  March 3, 2025               Respectfully submitted,


                                     /s/  Ezequiel Romero

                                    Ezequiel Romero, Esq.
                                    Florida Bar No. 107216
                                    BRYAN CAVE LEIGHTON PAISNER LLP
                                    200 S. Biscayne Blvd., Suite 400
                                    Miami, FL 33131-5354
                                    786-322-7399
                                    ezequiel.romero@bclplaw.com

                                    Christian Poland, Esq.
                                    Evan Boyle, Esq.

*Admitted Pro Hac Vice*
BRYAN CAVE LEIGHTON PAISNER LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
312-602-5085
christian.poland@bclplaw.com
evan.boyle@bclplaw.com

*Attorneys for Plaintiff Romspen Investment LP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, a true and correct copy of the foregoing was filed and automatically served on all parties and counsel of record via the Court's electronic filing system to:

>Stephen J. Dibert, Pro Se
>mfimiami@gmail.com

>MFI-Miami Holdings LLC
>MFI-Miami LLC
>MFI-Miami NM LLC
>c/o Stephen Dibert
>mfimiami@gmail.com

>*/s/ Ezequiel Romero*
>Ezequiel Romero
>*Attorney for Plaintiff, Romspen Investment LP*