UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-CV-80992-RLR

ROMSPEN INVESTMENT LP,

                Plaintiff,

VS.

STEPHEN J. DIBERT,
MFI-MIAMI HOLDINGS LLC,
MFI-MIAMI LLC, and
MFI-MIAMI NM LLC,

                Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING WITHDRAWAL OF COUNSEL

On February 14, 2025, in a paperless Order, the Court conditionally granted defense counsel's motion to withdraw. ECF No. 197. Withdrawal was conditioned on defense counsel providing current contact information for all Defendants. Counsel has satisfied the conditions, including filing a certificate of service attesting that all Defendants received a copy of the Court's Order. ECF Nos. 198, 199.

The Court's Order also cautioned MFI-Miami Holdings LLC, MFI-Miami LLC, and MFI-Miami NM LLC (collectively "the Corporate Defendants") that they could not appear *pro se,* set a February 28 deadline for them to obtain new counsel, and warned that their failure to obtain counsel "may result in the entry of a default judgment against them." ECF No. 197.

The deadline for the Corporate Defendants to obtain new counsel has passed. I take judicial notice that no new counsel has filed a Notice of Appearance for the Corporate Defendants. Under these circumstances, the Clerk of Court should be directed to enter defaults against the Corporate Defendants:

> Under Rule 55(a), the clerk of the court must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Indeed, a district court may *sua sponte* enter a default when a party fails to "otherwise defend" in a civil action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 n.11 (3d Cir. 1992); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure—Civil § 2682, at 19 (4th ed. 2016) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.").

> Artificial business entities—such as limited liability companies, corporations, and partnerships—may appear in federal court only through counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 830 (1824); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). The right to conduct business in these forms carries with it an obligation to hire a lawyer when the entity is sued. *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008).

> . . .

> Accordingly, "when a litigant not entitled to litigate *pro se* loses its lawyer in the midst of the case" courts should provide the corporate party "a reasonable opportunity" to retain a new attorney and, if the entity fails to do so, the court should dismiss the case—when the entity is a plaintiff—or enter a default judgment when the entity is a defendant. *Hagerman*, 549 F.3d at 538. The failure by a limited liability company, corporation, or partnership to comply with a court order that it appear through counsel constitutes a failure to defend a civil action, and a court should direct the clerk of the court to enter a default in such cases. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 950, 952 (11th Cir. 1996); *see*

2

*Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007); *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *Christa Constr., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 391-92 (W.D.N.Y. 2012).

*Alternative Materials, LLC v. TCH Constr. Grp., Inc.,* 339 F.R.D. 322, 324 (N.D. Fla. 2021).

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court:

1. Permit attorney Samantha Stevins to unconditionally withdraw as counsel;

2. Direct the Clerk of Court to enter defaults under Fed. R. Civ. P. 55(a) against MFI-Miami Holdings LLC, MFI-Miami LLC, and MFI-Miami NM LLC.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **TEN (10) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.

DONE and SUBMITTED in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 5th day of March 2025.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE