UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80992-ROSENBERG

ROMSPEN INVESTMENT LP,

   Plaintiff,

v.

STEPHEN J. DIBERT, et al.,

   Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment [DE 253]. The Court has reviewed the Plaintiff's Motion and the record. The Court is also aware of Defendant Dibert's Motion for Extension of Time to Respond to Plaintiff's Motion [DE 263]. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Extension of Time is **DENIED AS MOOT**.

Plaintiff's Motion seeks summary judgment in its favor on the claims alleged in the Second Amended Complaint. DE 253. Specifically, Plaintiff argues that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law on its claims for defamation, defamation per se, and civil conspiracy against all Defendants. *See id.* at 1.

In addition to arguing for summary judgment as to liability on each claim, Plaintiff also asks the Court to grant summary judgment on its claims for general and punitive damages. *Id.* at 14, 16. Plaintiff argues that it is entitled to $5,000,000 in general damages, *id.* at 15, and $5,000,000 in punitive damages, *id.* at 16. In support of its claim for damages, Plaintiff merely reasons that "because Defendants have no ability to call any witnesses or introduce any documentary evidence i[n] this matter to rebut the damages . . . the amount sought may be awarded

on summary judgment." *Id.* at 15. However, as the moving party, Plaintiff has the initial burden to identify the evidence that demonstrates the absence of a genuine issue of material fact. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that initial burden can the Court consider whether the nonmoving party can rebut the evidence presented. *Id* at 1116. Here, the only "evidence" offered in support of the damages calculations is Plaintiff's conjecture: "Romspen manages assets of approximately $3,000,000,000 CAD, and so *if* Defendants' defamation deterred only 0.5% of the investment dollars managed by Romspen, Defendants' defamation cost Romspen $15,000,000 in investor money." DE 253 at 15 (emphasis added). But, because Plaintiff "put Defendants on notice that [it] seeks an award of $5,000,000" it does not seek the entire $15,000,000 calculated. Still, Plaintiff provided no evidence to demonstrate how much of the investment dollars Defendants' conduct actually deterred. In other words, Plaintiff has not met its initial burden as to damages such that the Court could award it at the summary judgment stage.

Given that the Court cannot grant summary judgment as to general damages, it similarly cannot award punitive damages which would be a multiple of proven damages based on Defendants' conduct. And, as Plaintiff points out, "reputational harm and other injuries subject to general damages can be inherently difficult to quantify." *Id.* at 14. Because, as "Florida courts have recognized, '[t]here is no exact standard for fixing the compensation to be awarded on account of [a defamatory statement]." *Id.* (quoting *Army Aviation Heritage Found & Museum, Inc. v. Buis*, 504 4. Supp. 2d 1254, 1260 (N.D. Fla. 2007) (second alternation in original). Moreover, any determination of either general or punitive damages would necessarily require the presentation of evidence of Defendants' conduct to prove what damages they caused and to what extent punitive damages are warranted. *See Glodsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1283 (11th Cir.

2

2008) ("The dominant consideration in the evaluation of a punitive damages award is the reprehensibility of the defendant's conduct.").

In light of the fact that evidence of liability will need to be presented at trial to establish Plaintiff's right to punitive damages, it is better for the finder of fact to make one simultaneous determination on both liability and damages. Thus, the Court finds that this case would benefit from a full hearing. And, as the Eleventh Circuit has held, a "trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing." *United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991); *Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001) ("[E]ven in absence of a factual dispute, a district court has the power to deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.") (citations and quotation marks omitted).

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 253] is **DENIED** and Defendant's Motion for Extension of Time [DE 263] is **DENIED AS MOOT**

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of May, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE