UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80992-RLR/BER

ROMSPEN INVESTMENT LP,

           Plaintiff,

vs.

STEPHEN J. DIBERT,

           Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS FOR SANCTIONS
**[ECF Nos. 225, 245, 258, 261]**

Plaintiff Romspen Investment LP has filed multiple sanctions motions arising from Defendant Stephen Dibert's discovery conduct. I have already found that Romspen is entitled to reasonable attorneys' fees and costs associated with (1) a March 7, 2025, discovery hearing, and (2) Mr. Dibert's failure to appear for two depositions. ECF No. 219. Romspen also asks for attorneys' fees associated with (1) litigation over Mr. Dibert's privilege claims, ECF No. 261, and (2) Mr. Dibert's refusal to complete a court-ordered deposition. ECF No. 245. Neither of those motions specifies the amount of fees being requested, only the issue of entitlement is briefed. Finally, Romspen asks for non-monetary sanctions up to, and including, a default judgment.

For the following reasons, it is ORDERED that:

1. No non-monetary sanction will be imposed.[1]

2. Romspen should receive $ 11,130 related to the March 7 discovery hearing and the first two depositions.

3. Romspen shall file a separate pleading specifying the amount of fees it wants for the privilege litigation and the third deposition.

## I.  PROCEDURAL HISTORY

A. *Written Discovery Responses and First Two Depositions*

On March 7, 2025, after Romspen invoked the discovery dispute resolution procedures in my Standing Discovery Order, I held a discovery hearing. As relevant here, Romspen argued (1) Mr. Dibert's answers to Romspen's written discovery were intentionally false, in violation of Fed. R. Civ. P. 26(g), (2) Mr. Dibert had failed to comply with the Court's prior order to submit an amended, more detailed, privilege log, and (3) Mr. Dibert had failed to appear as required for two depositions. ECF No. 209. Romspen asked that any monetary sanction be jointly imposed on Mr. Dibert's counsel. ECF No. 209 at 5.

---

[1] I am entering an Order on the request for non-monetary sanctions — rather than a Report and Recommendation — because I conclude that no default judgment should be imposed. "The critical factor used to determine whether a magistrate judge may enter an order on a requested discovery sanction is what sanction the magistrate judge *actually imposes*, rather than the one *requested* by the party seeking sanctions." *United States Equal Employment Opportunity Comm'n v. GMRI, Inc.*, No. 15-20561-CIV, 2017 WL 5068372, at *20 (S.D. Fla. Nov. 1, 2017) (J. Goodman) (emphasis in original) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519–20 (10th Cir. 1995)).

I granted, in part, the relief that Romspen wanted. I ordered Mr. Dibert to appear for a deposition. ECF No. 219 at 6-7.[2] I also found that Romspen was entitled to reasonable fees and costs associated with the two depositions that Mr. Dibert did not attend. ECF No. 219 at 7 (citing Fed. R. Civ. P. 37(d)(3)). I ordered Mr. Dibert, but not his counsel, to pay Romspen its reasonable fees and costs for bringing the discovery matters before the Court. *Id*. at 8; *see* Fed. R. Civ. P. 37(a)(5). I directed Romspen to file a separate motion setting forth the amount of attorneys' fees it claimed. *Id*.[3]

I did not make a finding whether the discovery responses were false. Instead, I authorized Romspen to file a separate motion "seeking non-monetary sanctions for any discovery answers it believes to be false." ECF No. 219 at 5; *id*. at 8 (leave to file a separate motion for non-monetary sanctions under Rules 26(g)(3) and 37(d)(3)). The non-monetary sanctions motion was filed at Docket Entry 225.

Romspen asks for a default judgment against Mr. Dibert. ECF No. 225 at 15-16-19. In the alternative, Romspen asks for an order compelling Mr. Dibert to "produce his electronic devices for forensic imaging and examination and . . . to provide access to his email accounts and 'cloud' storage accounts." *Id*. at 19.[4]

---

[2] I later clarified that Mr. Dibert was ordered to be deposed in his individual capacity, not as the corporate representative of the defaulted corporate defendants. ECF No. 234.

[3] That motion was filed at Docket Entry 258.

[4] Romspen also renews its request that Mr. Dibert's counsel be held jointly and severally liable for Romspen's attorneys' fees "related to addressing Defendants' initial and amended discovery responses." ECF No. 225 at 21. That request is improper. First, this issue is beyond the scope of the authorized motion, which gave

3

B. *Privilege Claims*

In my March 7 Order, I instructed Mr. Dibert to submit any assertedly-privileged documents for *in camera* inspection by March 21, 2025. ECF No. 219 at 5. Mr. Dibert did not comply with that deadline. On April 17, 2025, I found any privilege claim to be waived and ordered Mr. Dibert to produce the documents to Romspen by April 24, 2025. ECF No. 257. On April 25, the day after the deadline, Mr. Dibert filed a Motion for Clarification, which asked the Court to reconsider its ruling. ECF No. 259. On April 27, 2025, Romspen filed a Response to the Motion for Clarification. ECF No. 260. It also filed a motion for contempt, default judgment, and attorneys' fees based on Mr. Dibert's non-compliance with the April 17 Order. ECF No. 261. Mr. Dibert provided the disputed documents to Romspen on or about May 2, 2025.[5]

As a remedy for Mr. Dibert's non-compliance, Romspen now asks for a default judgment, a coercive civil contempt sanction, and the attorneys' fees associated with responding to the Motion for Clarification and "incurred in attempting to procure Dibert's compliance with this Court's March 7 and April 17 Orders." ECF No. 261 at 9.

---

leave only to seek non-monetary sanctions. Second, the Court already ruled that monetary sanctions for the discovery responses would be against Mr. Dibert, only, and not his counsel. ECF No. 219 at 8.

[5] Mr. Dibert sent the documents to Romspen's counsel by email with a cc: copy to the Court.

4

C. *Non-Appearance at Court-Ordered Deposition*

Mr. Dibert unilaterally terminated his court-ordered deposition. Romspen asks for an award of the attorney's fees related to the aborted deposition, citing Rules 37(b)(2)(C) and (d)(3). ECF No. 245 at 15. Romspen also asks for entry of a default and default judgment as a sanction under Rule 37(b). *Id.* at 11.[6] In response,

---

[6] In a footnote, Romspen proposes an alternative non-monetary sanction:

> If despite all of the above, the Court does not believe that default judgment is yet warranted, the Court should order Dibert to sit for another deposition with the following parameters: (1) Dibert shall pay to Romspen $10,000 toward the total attorneys' fees and costs to be awarded by the Court on this Motion within five days of the Court's order, and if not paid, default judgment will be entered against him, (2) the location/method of the deposition will be of Romspen's unilateral choosing, either in-person in Chicago (where Romspen's lead counsel is located) or by Zoom, (3) the date will be unilaterally set by Romspen on at least 72 hours' notice, (4) the deposition will be seven hours of deposition time, tracked by the videographer, and (5) except for questions that directly ask about communications with his legal counsel, Dibert must answer all questions without asserting any objections, with the deposition then maintained as confidential pursuant to the Confidentiality Order entered in this case (Dkt. 212) for a period of ten days to permit Dibert to obtain the transcript and move the Court to secure confidentiality protection for any answers that he believes are entitled to such projection (with Romspen being given the right to oppose such motion).

ECF No. 245 at 14-15 n.8. I decline to entertain this alternative remedy because "addressing legal arguments in footnotes is an incorrect method to present substantive arguments on the merits or otherwise request relief from the Court." *Sony Music Ent. v. Vital Pharms., Inc.*, No. 21-22825-CIV, 2022 WL 4771858, at *13 (S.D. Fla. Sept. 14, 2022).

5

Mr. Dibert says he unilaterally terminated the deposition because he felt Romspen was on a "fishing expedition" into irrelevant matters. ECF No. 248-1.[7]

## II. NON-MONETARY SANCTIONS

If a litigant has failed to comply with a Court Order to provide discovery, Rule 37 authorizes the Court to "issue further just orders" in addition to awarding fees and costs. Fed. R. Civ. P. 37(b)(2)(A). Here, Romspen asks for the following non-monetary discovery sanctions:

1. Default judgment ECF No. 225; ECF No. 245; ECF No. 261.

2. In the alternative to a default judgment, an order compelling Mr. Dibert to "produce his electronic devices for forensic imaging and examination and . . . to provide access to his email accounts and 'cloud' storage accounts." ECF No. 225.

3. Civil contempt to coerce Mr. Dibert to produce the documents for which the Court found privilege had been waived. ECF No. 261.

A. *Civil Contempt*

There is no current reason for a civil contempt sanction to coerce Mr. Dibert into complying with the Court's April 17 Order. He has complied.

---

[7] No Response appears as an independent docket entry. Romspen filed a Reply saying that Mr. Dibert had filed a response in the form of a motion to strike. ECF No. 248. No motion to strike appears on the docket. It appears that Mr. Dibert unsuccessfully tried to file one. Romspen appended it to its Reply. ECF No. 248-1.

B. *Default Judgment*

Rule 37(b)(2)(A)(vi) authorizes the discovery sanction of "rendering a default judgment against the disobedient party." Nevertheless, case-ending discovery sanctions like a default judgment are highly disfavored.

> The Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction: There must be both (1) a clear record of willful conduct and (2) a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) ("dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct")); *see also Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976) ("[D]ismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the interests of justice.") (quotations omitted). When considering alternative sanctions, the Eleventh Circuit has counseled that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras,* 465 F.3d at 483; *see also Boazman,* 537 F.2d at 212 (explaining "that lesser sanctions would suffice in all but the most flagrant circumstances.").

*Shields v. Fresh Mkt., Inc.,* No. 19-CV-60725, 2019 WL 4598217, at *2 (S.D. Fla. Sept. 23, 2019). The party seeking discovery sanctions has the burden of proof. *Cutlass Collieries, LLC v. Jones*, No. 20-80001, 2021 WL 6135152, at *1 (S.D. Fla. Dec. 7, 2021).

Romspen has not shown that lesser sanctions would be insufficient to cure any prejudice from Mr. Dibert's privilege assertions. Even assuming Mr. Dibert improperly asserted privileges, served a non-compliant privilege log, and missed the Court's deadline to provide documents to Defendants by a week, Romspen now has the documents over which the privilege was asserted.

7

Similarly, even though Mr. Dibert's responses to Romspen's written discovery requests asserted improper objections, they also stated either that no responsive materials existed, or identified materials that did exist. *See* ECF No. 219 at 2-9. Romspen says the assertion that no responsive documents exist is false. Even assuming Romspen is correct, it has not shown why a lesser sanction, such as "directing that matters embraced in the order or other designated facts be taken as established for purposes of the action," Fed. R. Civ. P. 37(b)(2)(A)(i), or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" would be inadequate. Fed. R. Civ. P. 37(b)(2)(A)(ii). Similarly, Romspen has not shown that these kinds of lesser sanctions would not be sufficient to cure Mr. Dibert's failure to sit for a deposition. For all these reasons, Romspen has not met its burden of showing that the extreme sanction of a default judgment should be entered here.

The only alternative sanction that Romspen requests is that Mr. Dibert be ordered to produce his electronic devices for forensic examination and allow Romspen access to his electronic communications accounts. This requested sanction is based on the premise that Mr. Dibert's falsely stated that he had no communications with third parties about Romspen, this lawsuit, the allegedly defamatory postings, or Cindy's New Mexico LLCs. *See* ECF No. 219 at 3-4. Presumably, Romspen is looking for communications that show Mr. Dibert was aware the postings were false and defamatory. That belief is speculative. In any event, at this late stage of the litigation,

8

requiring a forensic examination of Mr. Dibert's devices is not proportional to the needs of the case, given other available remedies.[8]

### III. MONETARY SANCTIONS

A. *Entitlement to Fees for Privilege Litigation and Third Deposition*

Romspen invokes Rule 37(b)(2)(C) to ask for reasonable fees and costs incurred in "attempting to procure Dibert's compliance with this Court's March 7 and April 17 Orders, including the fees incurred in filing [its fee] motion and Romspen's recently filed response to Dibert's Motion for Clarification." ECF No. 261 at 9. By separate motion, Romspen asks for attorneys' fees and costs for the third deposition under Rules 37(b)(2)(C) and 37(d)(3). ECF No. 245 at 15-16.[9] Neither of Romspen's pleadings specifies the amount of fees and costs being requested.

Federal Rule of Civil Procedure 37(b)(2)(C) applies when a party "fails to obey an order to provide or permit discovery." The court must order the disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure,

---

[8] Romspen did not ask for any other lesser sanctions in any of its motions. It is not for the Court to independently impose them. *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation, [pursuant to which] 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'") (quoting *Greenlaw v. United States*, 554 U.S. 237, 399 (2008)). Romspen may be entitled to other remedies at the time of trial. *But see United States v. Campbell,* 26 F.4th 860, 872 (11th Cir. 2022) (legal argument that is not timely asserted is forfeited).

[9] The motion asks for an "award to Romspen of all of its attorneys fees related to the depositions of Defendants scheduled on March 26." ECF No. 245 at 16. The reference to plural "deposition*s*" is incorrect. The Court only ordered one deposition — of Mr. Dibert in his individual capacity.

9

unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Federal Rule of Civil Procedure 37(d)(3) authorizes an award of "the reasonable expenses, including attorney's fees, caused by the failure [to attend a properly-noticed deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3) applies when a party improperly terminates a deposition. *Shields*, 2019 WL 4598217, at *2 ("Because the Court finds that Plaintiff's termination and her refusal to continue her deposition was not substantially justified, the Defendant is entitled to recover reasonable attorney's fees and costs associated with his attendance at the deposition.").

Under both Rules, the burden of establishing substantial justification is on the non-compliant party. *Armstrong v. Anatnal, Inc.*, No. 09-80768-CIV, 2009 WL 4510110, at *2 (S.D. Fla. Nov. 30, 2009). Mr. Dibert has not shown substantial justification or that an award of fees and costs would be unjust.

Romspen is entitled to its reasonable fees and costs associated with Mr. Dibert's failure to comply with the Court's March 7 and April 17 Orders, including reasonable fees and costs associated with the aborted deposition.

B. *Amount of Fees for Litigating the Discovery Responses*

In a prior order, I granted Romspen's motion for attorneys' fees attributable to the November 8, 2024, discovery hearing. ECF No. 267. In that motion, Mr. Poland asked for (and was awarded) an hourly rate of $892.50 for work done between September 16, 2024, and November 8, 2024. That same fee motion asked for a $692.75

hourly rate for Mr. Boyle and a $467.50 hourly rate for Mr. Romero. ECF No. 158 at 9. In the current motion, Romspen asks for hourly rates of $962.50 for Mr. Poland, $722.50 for Mr. Boyle, and $531.25 for Mr. Romero for work done between January 10, 2025, and March 7, 2025. ECF No. 258 at 6-10. The new rates appear to reflect a year-end increase in billing rates. I will award the higher rates.

Romspen asks for $39,147.60 in fees accrued trying to get compliant written discovery responses between January 10, 2025, and March 7, 2025. ECF No. 258 at 8-9. Rule 37(a)(5) applies when a motion to compel discovery is granted. It authorizes an award of "the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the non-movant's conduct was substantially justified or "other circumstances make an award of expense unjust." Fed. R. Civ. P. 37(a)(5)(A).

Romspen seeks reimbursement for counsel's efforts between January 10-22, 2025, to negotiate better responses from Defendants. Those efforts were not incurred "in making the motion" to compel. The first time entry related to a discovery motion is on January 25, when Mr. Poland emailed Mr. Dibert's counsel about her availability for a discovery hearing. Any time predating that email is not compensable under Rule 37(a)(5). Some of the time entries after that date appear redundant or excessive. For example, Mr. Poland billed for 7.3 hours on February 12-13 to draft the joint discovery memorandum. He billed an additional 1.6 hours on February 27-28 for this purpose. Mr. Boyle billed a total of 6.6 hours to help prepare the joint discovery memorandum. Mr. Romero billed 1.1 hours.

11

In total, Romspen's counsel billed for 16.6 hours to prepare the joint discovery memo. That amount of time is excessive, even considering the voluminous documents appended to the memorandum. And, there was no reason for Mr. Poland, the senior lawyer on the case, to expend the majority of the time. Both Mr. Boyle and Mr. Romero have been members of the bar for more than 10 years. Either of them could have competently prepared the joint discovery memo. Also, there was no need for multiple lawyers to attend the discovery hearing. Mr. Poland was more than competent to handle it himself.

I find the following time to be reasonable under Rule 37(a)(5):

| Task | Reasonable Time | Amount |
| --- | --- | --- |
| Communications with opposing counsel | .2 hours at Mr. Poland's rate | $192.50 |
| Preparation of joint discovery memo | 6 hours at Mr. Romero's rate | $3187.50 |
| Prepare for, and handle, discovery hearing | 4 hours at Mr. Poland's rate | $3850.00 |
| | | **$7230.00** |

C. *Amount of Fees for First Two Depositions*

Romspen asks for $12,801 in fees accrued between January 8, 2025, and March 6, 2025, associated with scheduling two depositions for which Mr. Dibert did not appear. ECF No. 258 at 9-10. Romspen does not include fees "incurred in preparing for the first two rounds of Defendants' depositions." ECF No. 258 at 9 n.2. Those fees are being requested by a separate motion. *Id.* (citing ECF No. 245).

To recap, on January 9, 2025, Romspen noticed Mr. Dibert's deposition for February 4, 2025, in Miami. ECF No. 209-16 at 2-4. Romspen also noticed Rule

12

30(b)(6) depositions of MFI-Miami Holdings LLC on February 6, MFI-Miami LLC on February 5, and MFI-Miami NM LLC on February 5. ECF No. 209-16.

Romspen gave Mr. Dibert proper advance notice as required by Local Rule 26.1(h). The deposition notice was emailed to his counsel of record. *Id.* at 4.6 Mr. Dibert did not appear for his scheduled deposition on February 4, 2025, nor did he move for a protective order. After Mr. Dibert failed to appear, Romspen cancelled the corporate representative depositions scheduled for February 5 and 6. ECF No. 209-18 at 2.

On February 6, 2025, Plaintiff re-noticed Mr. Dibert's deposition for February 25, 2025, in Miami. ECF No. 209-19. The deposition notice was served on defense counsel by email. *Id.* at 4. Romspen re-noticed the corporate representative depositions for February 26 and 27. *Id.*

On February 14, 2025, the Court granted defense counsel's motion to withdraw. ECF No. 197. On February 20, Plaintiff's counsel emailed Mr. Dibert to ask whether he intended to appear for his deposition. ECF No. 209-21.7 Copies of the deposition notices were attached to the email. *Id.* After Mr. Dibert did not appear for deposition on February 25, Romspen cancelled the corporate representative depositions scheduled for February 26 and 27. ECF No. 209-22.

On March 7, I ordered Mr. Dibert to appear for deposition on or before March 28. ECF No. 219. Romspen noticed the deposition for March 25. ECF No. 226-1 at 5. It also noticed corporate representative depositions for March 26. *Id.* On March 25, in response to Romspen's Motion for Clarification, the Court specified that its March

13

7 Order applied only to Mr. Dibert, not to the defaulted corporate defendants. The Court said, "If the Plaintiff believes that the defaulted corporate defendants have been properly noticed for deposition and no corporate representative appears on the date noticed, the Plaintiff may seek a further remedy from the Court." ECF No. 234. There is no evidence in the record that Romspen re-noticed the corporate representative depositions.

First, Romspen is not entitled to fees or costs associated with the corporate representative depositions. Romspen unilaterally cancelled all the corporate representative depositions. Although Romspen may have reasonably believed that no corporate representative would appear as required, by unilaterally cancelling the depositions, it deprived the Court of evidence from which a failure to appear could be found. On the present record, it is too speculative to conclude that no one would have appeared as the corporate representative.

Second, Romspen's billing records reflect excessive time and unnecessary tasks. For example, on February 3, Mr. Poland billed for 1.2 hours to "Draft statement to be read on record at deposition of S. Dibert if he and his counsel fail to appear at deposition." The same day, Mr. Boyle billed an additional .7 hours for the same purpose. The next day, Mr. Poland billed .3 hours for "[e]xchange emails with E. Romero regarding draft statement to be read on record at deposition of S. Dibert if he and his counsel fail to appear, Dibert's failure to appear, and cancellation of the remaining depositions." There is no transcript in the record of any statement being read on the record at the depositions after Mr. Dibert failed to appear. Nor is it

14

apparent why such a statement would be legally necessary or appropriate. Finally, it is difficult to understand why it would require two law firm partners over two hours to draft a statement saying that a defendant had not appeared for a properly-noticed deposition.

I will not go through every time entry. After carefully reviewing the billing records and the pleadings on the docket, I find that Romspen is only entitled to compensation for the following actions related to Mr. Dibert's first two depositions and the following amount of time reasonably necessary to accomplish those tasks:

| Task | Reasonable Time | Amount |
|---|---|---|
| Drafting and serving deposition notices for Mr. Dibert to appear on February 4 and February 25 | 1 hour at Mr. Romero's hourly rate | $531.25 |
| Communications with the Court and Mr. Dibert about the discovery dispute hearing | 2 hours at Mr. Poland's hourly rate | $1925.00 |
| Communications with Mr. Dibert and his counsel about the failures to appear and about rescheduling the deposition | 1.5 hours at Mr. Poland's hourly rate | $1443.75 |
| | | **$3900.00** |

## IV. CONCLUSION

It is **ORDERED** that:

1. Romspen's motion for non-monetary sanctions for improper discovery responses and for failure to appear for two depositions [ECF No. 225] is DENIED.

2. Romspen's motion for sanctions for failure to appear at a court-ordered deposition [ECF No. 245] is GRANTED IN PART and DENIED IN PART.

15

    Romspen is entitled to its reasonable attorneys' fees and costs incurred in preparing for, and conducting, the deposition and to its reasonable attorneys' fees and costs incurred in filing the motion for sanctions. Romspen's Motion for Sanctions [ECF No. 261] for failure to comply with the Court's Orders relating to allegedly-privileged documents is GRANTED. Romspen is entitled to its reasonable attorneys' fees and costs incurred in seeking Court action to enforce those orders. On or before **June 17, 2025**, Romspen shall file a pleading specifying and justifying the amount of fees and costs it wants. Mr. Dibert can respond to that pleading on or before **July 15, 2025**. The conferral requirement of Local Rule 7.3(b) is waived.

3. Romspen's Motion for Attorney's Fees [ECF No. 258] relating to issues addressed at the March 7, 2025, discovery hearing and relating to Mr. Dibert's failure to appear for his first two depositions is GRANTED in the amount of $ 11,130.00.

    **DONE and ORDERED** in Chambers this 15th day of May, 2025, at West Palm Beach in the Southern District of Florida.

_____
    BRUCE E. REINHART
    UNITED STATES MAGISTRATE JUDGE