UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-CV-80992-RLR/BER

ROMSPEN INVESTMENT LP,

                    Plaintiff,

vs.

STEPHEN J. DIBERT,

                    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION [ECF No. 276]

With the instant motion, Plaintiff seeks reconsideration of my prior order awarding it $5,355.00 in attorneys' fees under Rule 37(a) for Defendant Dibert's failure to provide initial disclosures in accordance with Rule 26(a)(1)(A).  ECF Nos. 267, 276.  In calculating that award, I declined to award Plaintiff "fees on fees" for bringing the sanctions motion.  Plaintiff now seeks reconsideration of that decision. Plaintiff's motion is **DENIED.**

As stated in my prior order, "Rule 37(a)(5)(A) permits an award of *only* reasonable expenses incurred in making the motion [to compel]."  ECF No. 267 at 3-4 (quoting *Carruega v. Steve's Painting, Inc.*, No. 2:16-CV-715-FTM-29CM, 2017 WL 3387228, at *3 (M.D. Fla. Aug. 7, 2017) (emphasis added) (citation and internal quotations omitted)).  The rule does not state that fees are also recoverable for

bringing a subsequent sanctions motion based on the motion to compel. This is consistent with the principle that courts should "avoid turning the attorneys' fees aspect of [a] case into a second litigation." *Fla. Transportation Serv., Inc. v. Miami-Dade Cnty.*, No. 05-22637-CIV, 2014 WL 12799008, at *2, n.3 (S.D. Fla. Sept. 8, 2014).

I have reviewed the legal authority Plaintiff cited in its motion for reconsideration. First, I am not persuaded by Plaintiff's reliance on *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010), as that case involved fees awarded pursuant to the court's inherent authority for vexatious conduct (28 U.S.C. §1927). And, I decline to follow a nearly 40-year old case from the Eighth Circuit interpreting an outdated version of Rule 37, which provided for a fee award encompassing "all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987). Finally, the instant case is easily distinguished from my prior ruling in *Infogroup Inc. v. Office Depot, Inc.*, No. 23-CV-80358-AMC/BER, 2024 WL 4110526, at *4 (S.D. Fla. Aug. 21, 2024), since the fees on fees awarded in that case stemmed from broad contractual language and were not based on Rule 37. In sum, the court has broad discretion in assessing fees (*Norelus*, 628 F.3d at 1298), and Plaintiff has not met the legal standard for reconsideration.[1]

---

[1] Reconsideration is proper when there is: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct a clear error of law or fact or prevent manifest injustice. *Makozy v. Westcor Land Title*, No. 21-14367-CV, 2022 WL 3682081, at *1 (S.D. Fla. Apr. 18, 2022) (citing *Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006)).

**DONE and ORDERED** in Chambers this 2nd day of June, 2025, at West

Palm Beach in the Southern District of Florida.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE