## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 23-CV-80992-RLR

ROMSPEN INVESTMENT LP,

    Plaintiff,

vs.

STEPHEN J. DIBERT, et al.,

    Defendants.

_____/

### ORDER *SUA SPONTE* LIMITING FUTURE MOTION PRACTICE

The matter is before the Court *sua sponte*.  Although this case has yet to proceed to trial, it nonetheless contains 292 docket entries.  For comparison, this Court has presided over cases that completed trial and all post-trial motions with fewer than half of the docket entries in this case. *E.g., Friedel v. Park Place Community LLC*, No. 17-CV-14056.  This case also involves a *pro se* party.  Again for comparison, this Court has presided over cases involving a *pro se* litigant that completed trial with only a fraction of the number of docket entries in this case. *E.g., Pike v. Fla. Dep't of Transp.*, No. 15-CV-14216.  Suffice it to say that the 292 docket entries in this case equates to a dispropotionate amount of docket activity, particularly since the central question in this case is a simple one: Did the Defendant defame the Plaintiff?

By the Court's counting, the parties have filed 76 motions to date.  A very large number of the motions had no merit.  For the Plaintiff's part, illustrative denials include a motion for default judgment that was filed before the case had resolved against some of the Defendants,[1] a motion to

---

[1] DE 41.

strike that did not comply with court procedures,[2] a motion for attorney's fees that lacked a basis for entitlement to the same,[3] and a motion for summary judgment that requested the Court—not a jury—to award five million dollars in punitive damages.[4]  The Plaintiff has also filed motions for reconsideration in this case at a rate this Court has not previously seen in counseled cases.  The Plaintiff has filed approximately 10 motions for reconsideration, as well as multiple appeals of magistrate rulings that possessed no merit.  The Defendant, although *pro se*, has filed many meritless motion as well.

In short, it is the Court's judgment that this case has been overlitigated by all of the parties.[5] Pursuant to Rule 1 of the Federal Rules of Civil Procedure, the Court has an independent duty to administer this case in a way that promotes a final resolution as quickly as possible with as little cost as possible.  The Court's duty applies even if the parties collectively decide to engage in costly, protracted litigation.

The Court exercises its considerable case management discretion to implement special case management procedures in this case. *See* Fed. R. Civ. P. 16(c)(2)(L) (allowing for special case management procedures in difficult or protracted cases that may involve compex issues and multiple parties).  This case is entering the final stage.  Trial is soon.  The time has come for the parties to focus more on final pretrial preparations, and less on voluminous motion practice.

Until the Court orders otherwise, it is **ORDERED** that all future motion practice in this case will be limited as follows.  Prior to filing (1) any motion (including a motion for

---

[2] DE 117.

[3] DE 134.

[4] DE 268.

[5] The Court is of course aware that the *pro se* Defendant's out-of-court conduct has deeply troubled Plaintiff's counsel, and justifiably so.  The Court is also well aware that it can be difficult for counsel to work in a professional manner with *pro se* litigants.  But that is the case in any matter involving *pro se* litigants, and *pro se* litigation makes up approximately one quarter of all conventional litigation in federal court. *E.g.,* Just the Facts, https://www.uscourts.gov/data-news/judiciary-news/2021/02/11/just-facts-trends-pro-se-civil-litigation-2000-2019.

reconsideration or clarification or a motion for the magistrate judge) or (2) any appeal of a magistrate judge ruling, a party must first file a motion for permission to file the motion or appeal. The motion seeking permission must describe the relief that will be sought and clearly indicate whether it is to be filed in a motion or appeal.  Additionally, the Court may exercise its case management discretion to deny future requests for relief without explanation or comment, to better enable the Court to refocus its resources on other cases in need of adjudication.

      **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of June, 2025.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE