UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80992-RLR

ROMSPEN INVESTMENT LP,

          Plaintiff,

v.

STEPHEN J. DIBERT, et. al.

          Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (ECF No. 285)**

Plaintiff asks for reconsideration of my Omnibus Order [ECF No. 279] which resolved multiple sanctions motions. ECF Nos. 225, 245, 258, 261. Reconsideration should be granted only if (1) an intervening change in controlling law occurs, (2) newly discovered evidence arises, or (3) the need to correct a clear error or prevent manifest injustice exists. *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.,* No. 07-22326-CIV, 2008 WL 11333262, at *3 (S.D. Fla. Apr. 29, 2008). Reconsideration is "an extraordinary remedy which must be used sparingly." *Guevara v. NCL (Bahamas) Ltd.*, No. 15-24294-CIV, 2017 WL 6597980, at *1 (S.D. Fla. May 26, 2017) (citation omitted). A motion for reconsideration "cannot be used to relitigate old matters, [or] raise argument or present evidence that could have been raised prior to the entry to judgment." *Id. quoting Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

Plaintiff's motion makes the following five arguments:

1. I incorrectly stated that Defendant complied with my order for him to produce the documents listed on his privilege log because Defendant only produced 19 of the 66 emails listed and produced none of the attachments;[1]

2. I should have considered the cumulative nature of Defendant's recalcitrance during discovery;

3. I should have imposed lesser sanctions;

4. I should have awarded Plaintiff fees on fees;

5. I should have set a deadline for Defendant to pay the attorneys' fees I awarded to Plaintiff.

ECF No. 285.

With regard to Plaintiff's claim that Defendant defied my prior order by not producing all the documents listed on his privilege log, Plaintiff's motion for reconsideration is denied. According to Plaintiff, Defendant Dibert gave the 19 documents to Plaintiff's counsel and said, "That is all I have. I cannot tender what I don't have." ECF No. 285 at 9. I agree. It appears that the privilege log may erroneously list documents that are not actually in Defendant's possession. Because I have ordered Defendant to produce to Plaintiff all responsive documents in his possession, regardless of whether they contain privileged communications, the privilege log itself is now moot. There is no basis to conclude that Defendant is withholding documents I ordered him to produce. To the extent Plaintiff contends there are missing documents because Defendant's former attorney did not transfer

---

[1] This order was the result of Defendant's failure to provide the withheld documents to me for an *in camera* review.

her entire file to Defendant when she withdrew from representation, Plaintiff could have subpoenaed the missing documents directly from her. In any event, Defendant cannot be ordered to produce what he does not have.

As for the second and third arguments raised in the motion, Plaintiff improperly seeks to relitigate old matters. I am aware of the cumulative nature of Defendant's misconduct during the discovery phase, but I still decline to recommend entry of a default judgment. Likewise, I have considered the lesser sanctions that Plaintiff requested, including directing Defendant to sit for another deposition, and I decline to impose them. There is no new law or evidence before the Court; nor is there clear error or manifest injustice.

With regard to Plaintiff's request for fees on fees, as noted in my prior order (ECF No. 292), fees on fees are not appropriate in the context of a sanctions motion stemming from discovery misconduct, so I decline to award Plaintiff fees on fees in this instance.

Finally, Judge Rosenberg will address the imposition of a deadline for the fees already awarded to Plaintiff at the conclusion of the case. Plaintiff's motion is denied.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 2nd day of July 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE