UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-CV-80992-AMC

ROMSPEN INVESTMENT LP,

        Plaintiff,

vs.

STEPHEN J. DIBERT,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEYS' FEES**
**[ECF No. 305]**

Plaintiff Romspen Investment LP asks for $98,217.61 in attorneys' fees and costs associated with (1) litigation over Mr. Dibert's privilege claims, ECF No. 261, and (2) Mr. Dibert's refusal to complete a court-ordered deposition. ECF No. 245. I previously found Romspen was entitled to fees and costs, but required further briefing on the amount to be awarded. ECF No. 279 at 9-10, 16.

For the following reasons, it is RECOMMENDED that Romspen be awarded $34,228.75 in attorneys' fees and $1907.19 in costs:

### I.    PROCEDURAL HISTORY

A. *Document Production*

In response to Romspen's Requests for Production, Mr. Dibert's then-counsel served an amended privilege log listing 66 documents. ECF No. 209-11. On March 7, I ordered Mr. Dibert (who was then pro se) to "send to the Court [by March 21, 2025]

the documents withheld as privileged so I can conduct an *in camera* review." ECF No. 219 at 5.

Mr. Dibert did not comply with the March 21 deadline to produce privileged documents for *in camera* review. On April 17, 2025, I found any privilege claim to be waived and ordered Mr. Dibert to produce the documents to Romspen by April 24, 2025. ECF No. 257. On April 25, the day after the deadline, Mr. Dibert filed a Motion for Clarification, which asked the Court to reconsider its ruling. ECF No. 259. On April 27, 2025, Romspen filed a Response to the Motion for Clarification. ECF No. 260. The Court denied the Motion for Clarification in a paperless order on May 1. ECF No. 265.

On April 27, Romspen filed a motion for sanctions, including attorneys' fees, based on Mr. Dibert's non-compliance with the April 17 Order. ECF No. 261. Mr. Dibert did not file a Response, but Romspen filed a Reply on May 13. ECF No. 278.

B. *Deposition*

On March 7, 2025, I ordered Mr. Dibert to appear for an in-person deposition before March 28, 2025, on a date to be set by Romspen, ECF No. 219 at 6-7. Romspen set Mr. Dibert for deposition on March 25. ECF No. 226-1 at 5. Romspen also noticed corporate representative depositions for the LLC Defendants on March 26. *Id*. at 8-31.

On March 19, Romspen filed a motion asking that Mr. Dibert be required to communicate by March 21 whether he intended to attend his March 25 deposition. ECF No. 226. That motion was denied the day after it was filed. ECF No. 229.

2

On March 24, at 11:01 a.m., Mr. Dibert filed a motion for protective order asking to cancel the deposition and/or limit its length. ECF No. 230. At 11:11, the Court granted the motion in part. ECF No. 231. It confirmed that Mr. Dibert was required to appear for a single, seven-hour deposition, in his individual capacity, on March 26. *Id*. At 7:39 p.m., Romspen filed an eight-page Motion for Reconsideration with 71 pages of attachments. ECF No. 233. The gist of the response was that Mr. Dibert should be required to sit for a second deposition as the corporate representative of the LLC defendants. *Id*. The next morning, the Court denied the Motion for Reconsideration, reiterating that Mr. Dibert was to be deposed only in his individual capacity, not as the corporate representative of the defaulted corporate defendants. ECF No. 234.

Mr. Dibert appeared for his deposition on March 26, but terminated it after 18 minutes. ECF No. 245-3. Romspen then moved for sanctions. ECF No. 245. Mr. Dibert served, but did not file, a Motion to Strike. ECF No. 247-2. Romspen filed a Reply. ECF No. 247.

## II.   DISCUSSION

Although not required by the Eleventh Circuit, it is within the Court's discretion to use the lodestar method to calculate a Rule 37 fee award. *Boom Funded, LLC v. Aeva, LLC*, No. 24-CV-23649, 2025 WL 276268, at *1 n.2 (S.D. Fla. Jan. 23, 2025). That method requires the Court to calculate a reasonable hourly rate for each lawyer, then determine whether the hours billed are reasonable. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (noting that the lodestar is "properly

calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate" (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984))). The Court will not authorize reimbursement for hours that are excessive, redundant, or otherwise unnecessary. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1303 (11th Cir.1988)

A. *Hourly Rates*

In a prior order, I found that hourly rates of $962.50 for Mr. Poland, $722.50 for Mr. Boyle, and $531.25 for Mr. Romero for work done between January 10, 2025, and March 7, 2025, were reasonable. ECF No. 258 at 6-10. These same rates are being requested here for work done between March 4, 2025, and May 13, 2025. These rates remain reasonable and will be awarded.

B. *Hours Worked*

Romspen's Motion for Attorneys Fees is verified by Mr. Poland, so I consider the facts alleged in that pleading to be evidence. Nevertheless, the pleading does not fully discuss why the hours billed were necessary and reasonable, and why it was necessary for Romspen to retain out-of-state counsel. The totality of the discussion about reasonableness of hours is one paragraph. ECF No. 305 at 9.

1. Document Production

When a party "fails to obey an order to provide or permit discovery," the court must order the disobedient party to "pay the reasonable expenses, including

4

attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

To summarize, the Court entered two relevant orders relating to the allegedly-privileged documents. First, on March 7, Mr. Dibert was ordered to submit those materials for *in camera* review by March 21. He did not comply. As a result, the Court *sua sponte* deemed any privilege to be waived, and ordered the documents produced to Romspen by April 24. On April 25, Mr. Dibert moved for Clarification. ECF No. 259. After Rompsen filed its Response, the Court denied the motion on May 1. ECF No. 265.

So, Mr. Dibert failed to obey a Court order by not submitting documents for *in camera* review on March 21, and failed to obey a separate order by not producing the documents by Romspen before April 24. As a result of this non-compliance, Romspen had to respond to a Motion for Clarification and file a Motion for Sanctions.[1]

a. <u>Response to Motion for Clarification</u>

Romspen's lead counsel, Mr. Poland billed 1.8 hours — $1,732.50 — on April 25 to review Mr. Dibert's Motion for Clarification and to draft notes for a response. That amount of time is reasonable. It is also appropriate that, as lead counsel, Mr. Poland would review the pleading and begin framing a response. This time will be reimbursed in full.

---

[1] Romspen also filed the pending motion for fees. The issue of fees-on-fees is discussed below.

Mr. Poland billed 7.5 hours to draft the Response to the Motion for Clarification at an hourly rate of $962.50. This amount of time is excessive. The Response comprised nine-page with three attachments. The main pleading contained seven pages of argument, plus the case caption, the signature block, and the certificate of service. The attachments were (1) an excerpt from the transcript of the March 7 discovery hearing, (2) an April 17 email from Romspen's counsel to Mr. Dibert, and (3) excerpts from the deposition of Mr. Dibert's former counsel. The first three pages of the Response recount the procedural history and quote from emails between the parties and prior hearing transcripts. The next four pages make 11 separate arguments, but contain legal authority only for the standard on a motion for reconsideration. So, it does not appear that the Response required meaningful legal research.

A fee request will be reduced when a lawyer bills for work that could (or should) have been done by lawyers billing at lower rates. *See, e.g., Drummond v. Zimmerman*, No. 19-81532-CIV, 2021 WL 7287019, at *2 (S.D. Fla. June 3, 2021) (40% reduction because researching, drafting, and revising motion should have been done by associates, not partners). "The firm handling this case is a large, international law firm, employing numerous attorneys with varying levels of experience and expertise. Regardless of that fact, lead counsel appears to have spent an inordinate amount of time engaged in legal work that could have been handled by a junior associate at a lower hourly rate." *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1296 (S.D. Fla. 2010).

I find that this Response could have been drafted in four hours or less by Mr. Boyle or a less experienced lawyer. Romspen will be awarded four hours at the rate of $700 per hour — $2800.

In total, Romspen is awarded $4532.50 for responding to the Motion for Clarification.

      b. Sanctions Motion

After Mr. Dibert failed to obey the Court's Order to make an *in camera* submission and before seeking sanctions from the Court, Mr. Poland spent .6 hours on April 7 and April 17 drafting emails to Mr. Dibert and his former counsel about whether they had complied with the Court's orders. It was reasonable for Mr. Poland to try to find out whether a sanctions motion was necessary. This time ($577.50) will be reimbursed in full. Mr. Poland also spent .4 hours on April 16 to draft an email to the Court about Mr. Dibert's non-compliance. ECF No. 305 at 7. This kind of email is not permitted under our Local Rules and is therefore not a compensable item.

Mr. Poland then billed 7.6 hours to research and draft the Motion for Sanctions. That Motion comprised five pages of procedural history, a page of boilerplate quotations from Rule 37, and three pages arguing for a default judgment and contempt. Those non-monetary remedies were not granted. A single paragraph discussed attorneys' fees. It said, in full:

> In addition to any other sanctions awarded, Romspen is entitled to an award of its attorneys fees incurred in attempting to procure Dibert's compliance with this Court's March 7 and April 17 Orders, including fees incurred in filing this Motion and Romspen's recently filed response to Dibert's Motion for Clarification. An award of such fees is mandatory under Rule 37(b)(2)(C).

7

ECF No. 261 at 9. After Mr. Dibert did not file a response to the Motion for Sanctions, Romspen filed a five-page Reply arguing that the motion should be granted as unopposed. ECF No. 278. Mr. Poland billed 3.4 hours for preparing this Reply. ECF No. 305 at 8.

First, this Motion easily could have been prepared by a less-experienced, lower-billing lawyer. Second, spending 11 hours on this pleading was excessive. Third, the Motion was largely unsuccessful, so Mr. Poland's work did not benefit his client. I am separately awarding Romspen fees-on-fees. That award is sufficient to reflect the time spent obtaining fees for Mr. Dibert's non-compliance with the document-related orders.

Romspen is awarded $577.50 for the Motion for Sanctions.

C. *Deposition*

Federal Rule of Civil Procedure 37(d)(3) authorizes an award of "the reasonable expenses, including attorney's fees, caused by the failure [to attend a properly-noticed deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3) applies when a party improperly terminates a deposition. *Shields*, 2019 WL 4598217, at *2.

Romspen asks for $62,226.38, representing 66.6 hours of work, almost all of it by Mr. Poland. ECF No. 305 at 5-6. The billed time can be divided into five broad categories: (1) drafting, sending, and reviewing emails with Mr. Dibert, (2) preparing deposition outlines; reviewing documents, exhibits, and transcripts, (3) responding to

Mr. Dibert's Motion for Protective Order, (4) travel, and (5) preparing and litigating the Motion for Sanctions.

1. Emails

The emails with Mr. Dibert are compensable at Mr. Poland's full rate. They total 4.3 hours, which equates to $4138.75.

2. Deposition Preparation

When a deponent fails to appear and the deposition cannot be taken at a later date, "the moving party's efforts have been wasted, and thus the appropriate award may be all expenses 'attributable directly to the . . . depositions.'" *Trs. of IAM Nat'l Pension Fund v. M & K Emp. Sols., LLC,* No. 1:20-CV-433-RCL, 2022 WL 17415063, at *3 (D.D.C. Dec. 5, 2022) (ellipses in original) (quoting *Campbell v. Nat'l R.R. Passenger Corp.*, 309 F.R.D. 21, 29 (D.D.C. 2015)). Here, Mr. Dibert's court-ordered deposition fell after the March 14, 2025, discovery cutoff. ECF No. 97. Moreover, given his failure to appear times, it was not feasible to reschedule the deposition after March 26. For those reasons, Romspen will be awarded the reasonable fees incurred in preparing for the deposition.

Mr. Poland billed for 16.8 hours of preparation time on March 22-23, 8 hours of preparation time on March 25, and 2.7 hours on March 26. He also billed .5 hours for conducting Mr. Dibert's deposition on March 26. I recognize that deposing the opposing party is a crucial part of litigation, so extensive preparation time is reasonable. Also, it is reasonable to have lead counsel take the deposition. Nevertheless, 28 hours to prepare for a seven-hour deposition is excessive. And, from

the totality of the record (particularly, Romspen's Response to the Motion to Protective Order), it appears that some of this time was to prepare for corporate representative depositions that Romspen thought would be occurring. To account for these factors, I will reduce Mr. Poland's compensable time by 25% to 21 hours. Rompsen will be awarded $20,212.50.

Mr. Boyle billed 1.8 hours in deposition preparation on March 23. This time also is reasonable, so Romspen will be awarded $1,200.50

Several related line items are not compensable. On March 6, Mr. Poland billed .4 hours for drafting a possible email to the Court. As noted above, this kind of email would violate the Local Rules and is not compensable. Also, on March 21, Mr. Poland billed .4 hours for "work with staff on preparing exhibits for the depositions of S. Dibert and his LLCs and to make other deposition arrangements." First, Romspen is entitled to fees only for Mr. Dibert's individual deposition, not for preparing for other corporate representative depositions. Second, preparing exhibits and making deposition arrangements is clerical work that is not compensable. *See, e.g., Hithon v. Tyson Foods, Inc.*, 151 F. Supp. 3d 1252, 1261 (N.D. Ala. 2015). Third, even if it was appropriate to have a lawyer supervise this project, the work could and should have been done by a lawyer billing at a much lower rate. For all these reasons, the .4 hours is not compensable.

3. Motion for Protective Order

Romspen asks for reimbursement for 5.2 hours of attorneys' fees incurred on March 24 related to Mr. Dibert's Motion for Protective Order and Romspen's later

10

Motion for Clarification. None of this time is compensable because it was not caused by Mr. Dibert's failure to sit for his court-ordered deposition. Moreover, Mr. Dibert obtained the relief he wanted — a clarification that the deposition was limited to 7 hours and was in his individual capacity, only. Romspen was denied the relief it wanted because the Court declined to order a corporate representative deposition on March 27. ECF No. 233.

   4. Travel Time

Mr. Poland billed 7.0 hours for round trip travel time from Chicago to Miami when he was not working on other matters. "[A] fee applicant seeking to recover expenses incurred for retaining non-local counsel generally 'must show a lack of attorneys practicing in that place who are willing and able to handle his claims.'" *See Martinez v. Hernando County Sherriff's Office*, 579 Fed. Appx. 710, 714 (11th Cir. 2014) (quoting *ACLU of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999)); *Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) ("[T]he exclusion of out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel."). If no local counsel was available, reasonable travel time is compensable at a regular hourly rate. *See, e.g., United States ex rel. Miller v. Rose Radiology, Inc.,* No. 8:13-CV-2757-T-35AAS, 2016 WL 11583123, at *6 (M.D. Fla. Oct. 18, 2016); *Mallory v. Harkness*, 923 F. Supp. 1546, 1557 (S.D. Fla. 1996), *aff'd,* 109 F.3d 771 (11th Cir. 1997).

Romspen has not met its burden of showing that qualified local counsel did not exist and/or were unwilling to represent Romspen in this matter. This case involves

straight-forward issues of defamation and related civil conspiracy. Multiple AmLaw 100 law firms have offices in Palm Beach County and South Florida. I am personally aware of many local lawyers who could have competently handled this matter. Romspen has not offered evidence that it was necessary to retain counsel from Illinois, so Mr. Poland's travel time will not be awarded.

5. <u>Motion for Sanctions</u>

Mr. Poland billed 4.4 hours on March 28 and 9.1 hours on March 31 for drafting a Motion for Sanctions. He billed .3 hours on April 2 to review Mr. Dibert's Motion to Strike, and 4.0 hours on April 2-3 to draft the reply. Mr. Romero billed .5 hours on April 3 to revise and finalize the reply in support of the Motion for Sanctions.

Here, again, the Motion and Reply were largely unsuccessful. Romspen asked for a default, which was denied. The Motion contained a single page asking for attorney's fees and citing authority that Romspen should be awarded all of its expenses, including time preparing for the deposition. ECF No. 245 at 15. This discussion and citations were helpful in supporting the relief that was awarded to Romspen. Two hours is a reasonable time for a senior associate or junior partner to have researched this issue, located the cited authority, and drafted that portion of the Motion.  Romspen will be awarded two hours at $700 per hour — $1400.

D. *Fees on Fees*

A party can recover "fees-on-fees" under both Rules 37(b)(2)(C) and 37(d)(3). *See, e.g., LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No. 12CV7311JPOKNF,

2016 WL 5812105, at *7 (S.D.N.Y. Sept. 22, 2016).[2] Here, Romspen asks for $9,578.75 in fees associated with its Motion for Attorneys Fees. ECF No. 305 at 12. The fees comprise 7.7 hours of Mr. Poland's time and 3.0 hours of Mr. Boyle's time.

The requested time is excessive. The Motion is 12.5 pages, including the signature block and case caption. It consists almost entirely of summary charts drawn from counsel's timekeeping system. The only substantive arguments are (1) a single paragraph on page nine that summarily argues that the hours worked were reasonable and (2) two pages of citations supporting the argument that Romspen could recover fees-on-fees. Approximately 25 pages of expense receipts are appended to the Motion.

The timekeeping records show that Mr. Boyle billed three hours on May 21 and 22 to "Draft additional fee petition related to May 15 Order" and to "Draft fees motion related to May 15 Order." At that time, Mr. Boyle had been a practicing lawyer for approximately 10 years and was billing over $700 per hour. *See* ECF No. 158 at 15-16. A lawyer at his level could easily have drafted an appropriate motion in three

---

[2] As Rompsen notes in its pleadings, there is a textual distinction between Rules 37(b)(2)(C) and 37(d)(3) — which authorize fees-on-fees — and Rule 37(a)(5)(A), which does not. *See* ECF No. 292 (denying fees-on-fees). Rule 37(a)(5)(A) awards fees "incurred in making the motion [to compel]." Fees-on-fees are not incurred as part of the motion to compel. In contrast, Rule 37(b)(2)(C) "mandates payment of reasonable attorney's fees 'caused by the failure' to obey the Court's order, [so] it follows that attorney's fees incurred in preparing the fee application to determine the appropriate amount of the sanctions award are necessarily 'caused by the failure' to obey the Court's order." *LBBW Luxemburg,* 2016 WL 5812105 at *7. Similarly, Rule 37(d)(3) authorizes fees "caused by the [deponent's] failure" to attend a deposition.

13

hours and had a paralegal or clerical staff compile the attachments. Nevertheless, Mr.Poland billed 7.7 hours on June 16 and 17 to "Draft motion for attorneys fees awarded by Court's May 15, 2025 order." ECF No. 305 at 12. There is no explanation for why a lawyer with 30 years' experience and billing at close to $1000 per hour needed to spend 7.7 hours on top of Mr. Boyle's time. Romspen has not met its burden of showing that Mr. Poland's time was reasonable.

Romspen will be awarded fees-on-fees for three hours of Mr. Boyle's time — $2167.50.

E. *Costs*

Romspen requests $4,467.48 in travel costs and court reporter fees associated with the March 26 deposition. ECF No. 305 at 6-7. Travel costs are not compensable for the same reason that travel time is not compensable — Rompsen has not shown that out-of-town counsel was needed. Court reporter and transcription fees of $1907.19 will be awarded.

### III. CONCLUSION

It is **RECOMMENDED** that Romspen be awarded $ 34,228.75 in attorneys' fees and $1907.19 in costs:

| | |
|---|---|
| Motion for Clarification | $ 4,532.50 |
| Motion for Sanctions | $ 577.50 |
| Deposition emails | $ 4,138.75 |
| Deposition preparation | $ 21,412.50 |

| | | |
|---|---|---|
| Motion for Sanctions | $ | 1,400.00 |
| Fees on fees | $ | 2,167.50 |
| Costs | $ | 1,907.19 |

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of October 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE