UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80992-AMC

ROMSPEN INVESTMENT LP,

       Plaintiff,

v.

STEPHEN J. DIBERT, et. al.,

       Defendants.

_____/

<u>REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS AND CERTIFICATION TO DISTRICT COURT</u>

Rompsen moves for sanctions, including civil contempt, because it says Mr. Dibert has violated the Court's Confidentiality Order. ECF Nos. 355, 360. Mr. Dibert moves to strike Romspen's Notice of Non-Opposition. ECF No. 364. Judge Cannon referred these motions to me for a Report and Recommendation. ECF No. 367.

For the following reasons, Mr. Dibert's Motion to Strike should be denied. Romspen's request for sanctions under Federal Rule of Civil Procedure 37 should be denied. This matter is certified to Judge Cannon for possible civil contempt sanctions.

I.    FACTS

On March 4, 2025, this Court entered a Confidentiality Order. ECF No. 212. Paragraphs 6 and 7 of that Order limit disclosure of documents that a party has designated as "confidential" under the Order. With exceptions that do not apply here,

documents designated "confidential" may not be disclosed "for any purpose other than in this litigation, including in any appeal thereof." ¶6. Unless the opposing party consents, a party may file a confidential document along with a motion or pleading only after complying "with the Court's rules and procedures for filing materials under seal or otherwise submitting confidential information or documents to the Court." ¶10. Paragraph 23 warns, "NON-COMPLIANCE WITH THIS ORDER MAY BE PUNISHABLE AS A CONTEMPT OF COURT." ¶23.

On May 23, 2025, Mr. Dibert filed his Motion for Summary Judgment and a separate Statement of Material Facts. ECF Nos. 281, 282. The pleadings were served via CM/ECF on three lawyers representing Rompsen. *Id.* Pages 14-16 of the Motion discussed a loan approval memorandum that Plaintiff had designated as confidential. Exhibit 10 to the Statement of Material Facts was an excerpt from a deposition; Exhibit F to that transcript was a loan approval document. ECF No. 282-10.

Six days later, on May 29, at 10:38 a.m., Romspen moved to seal the Motion and Exhibit 10; it also asked for sanctions of (1) default judgment, (2) a civil contempt monetary penalty of $15,000 to be paid within 15 days, and (3) attorney's fees. ECF No. 286. Approximately 90 minutes after being notified of the situation, at 11:55 a.m., the Court ordered the motion and Exhibit 10 to be sealed. ECF No. 287. On June 23, the Court denied the requested sanctions. ECF No. 310.

On August 13, Mr. Dibert filed a motion for leave to file an untimely second summary judgment motion. ECF No. 343. Appended to that pleading was a proposed summary judgment motion that discussed and quoted materials that Romspen had

marked confidential. *Id*. at 3-20 ("Second MSJ"). The same day, Rompsen notified the Court of the situation and sought leave to file a motion to seal and for sanctions. ECF No. 346. The next day, the Court granted Romspen leave to file that motion. ECF No. 349. The day after that, after Mr. Dibert declined to remove the confidential material from the public record, Romspen filed an expedited motion to seal and for sanctions. ECF No. 355. The Court ordered that Mr. Dibert's motion be sealed, on August 22. ECF No. 361.

While Romspen's expedited motion was pending, on August 17, 2025, the website https://romspenreport.com/romspen-mortgage-fraud-scheme/ ("the Website") published excerpts from the confidential loan approval file. ECF No. 360-1. The Website said that it had obtained these materials in May 2025 during the six days when Mr. Dibert's summary judgment motion was unsealed. ECF No. 360-1 at 5.

## II. PENDING MOTIONS

On August 20, Romspen asked for leave to supplement its pending sanctions motion to include the Website disclosures. ECF No. 357. The proposed supplemental pleading was appended to the motion for leave. ECF No. 357-2. On August 21, the Court granted Romspen's motion and ordered Romspen to file the supplemental pleading on or before August 22. ECF No. 359. On August 21, Romspen filed its supplement, which renewed its request for sanctions, including striking Mr. Dibert's pleadings, entering a default, holding Mr. Dibert in civil contempt, and awarding

3

Romspen its attorney's fees. ECF No. 360.[1] Romspen also asked that Mr. Dibert be ordered to remove the confidential material from the website and to identify every person to whom that material was disclosed. *Id*. at 4-5.

On September 5, Romspen filed a Notice that Mr. Dibert had not filed an opposition to its supplemented sanctions motion. ECF No. 363. On September 26, Mr. Dibert moved to strike Romspen's Notice. ECF No. 364. He argued that Romspen's motion was untimely. *Id*. at 2. He did not respond on the merits. I ordered him to file a response or to show cause why the Motion for Sanctions should not be granted. ECF No. 370.

Mr. Dibert responded by filing a pleading captioned "Motion to Strike Plaintiff's Motion for Sanctions and Supplement to the Motion." ECF No. 373.[2] He first argued that the Motion for Sanctions should be denied because Romspen did not obtain leave to file it, as required by this Court's June 4, 2025, Order. ECF No. 373 (citing ECF No. 293). He next argued that there was insufficient proof that he controlled the Website. ECF No. 373.

Romspen filed a reply citing prior statements by Mr. Dibert indicating that he controls the Website. ECF No. 374.

---

[1] Romspen also asked that Mr. Dibert's Motion for Leave be sealed. That relief has already been granted. ECF No. 361.

[2] Although captioned as a motion, this pleading is actually a response to Romspen's sanctions motion.

III. DISCUSSION

A. *Motion to Strike*

Mr. Dibert's Motion to Strike [ECF No. 364] should be denied. First, Mr. Dibert is incorrect that Romspen's filed its sanctions motion without getting leave of Court. On August 21, the Court granted leave to supplement the then-pending motion for sanctions. ECF No. 359. The supplemental pleading necessarily incorporated the initial pleading. Even if the initial motion was filed without proper leave of Court, that flaw was cured by the Court's August 21 Order. Second, his request to strike the notice of non-opposition is moot because he has been given the chance to respond to the underlying motion.

B. *Discovery Sanctions*

Romspen's initial motion asked for sanctions based on Mr. Dibert's including confidential materials in his publicly-filed Second MSJ. ECF No. 355. It asked that Mr. Dibert be sanctioned under Fed. R. Civ. P. 37(b)(2)(A). *Id.* at 7-9. The requested sanctions were:

(1) an order sealing Docket Entry 343;

(2) a monetary contempt sanction of $15,000 payable within seven days; and,

(3) an award of Romspen's attorney's fees for filing the sanctions motion.

*Id.* at 10.[3]

Romspen's supplemented motion says that Mr. Dibert violated the

---

[3] The motion also asked for "such further relief as the Court deems appropriate." ECF No. 355 at 10.

Confidentiality Order by publishing confidential information on the Website. Romspen now asks for the following additional remedies:

(1) striking of Mr. Dibert's Answer and Affirmative Defenses;

(2) a default; and,

(3) an order requiring Mr. Dibert to remove the confidential information from the websites, destroy it, and certify his compliance, and identify every person to whom it was disclosed.

ECF No. 360 at 4-5.

Docket Entries 281, 282-10, and 343 are now under seal, so that requested remedy is moot. ECF Nos. 287, 361.[4]

Romspen is not entitled to sanctions under Fed. R. Civ. P. 37(b)(2)(A). That rule allows the Court to enter "just orders" when a party fails to comply with "an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." The Confidentiality Order is not covered by Rule 37(b)(2)(A). It is not an "order to permit or provide discovery." Rather, it is a protective order that limits the disclosure of discovery, under Rule 26(c)(1)(A).

---

[4] As discussed above, these documents were sealed because of the asserted exigency of the situation. I note, however, that the Court has never formally determined that the loan documents meet the requirements for being sealed. *See, e.g., Argona v. Selene Fin., LP,* No. 23-14297-CIV, 2024 WL 4202107, at *1 (S.D. Fla. June 12, 2024) (discussing public right of access to judicial materials and standard for sealing). A document is not subject to sealing merely because a party designates it as confidential.

6

*C. Civil Contempt*

Courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). As relevant here, a United States Magistrate Judge cannot hold a person in contempt. Instead, if the Magistrate Judge finds that a contemptuous act has been committed, "the magistrate judge shall forthwith certify the facts to a district judge" and may issue an order to show cause why the district judge should not hold the person in contempt "by reason of the facts so certified." 28 U.S.C. §636(e)(6).

A finding of civil contempt must be supported by clear and convincing evidence that: (1) a valid and lawful Court order was violated; (2) the order was clear and unambiguous; and, (3) the alleged violator had the ability to comply with the order. *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010)). "Once a movant establishes by clear and convincing evidence that a court order has been violated, the burden of production shifts to the purported contemnor to produce evidence explaining his noncompliance." *W. Sur. Co. v. Merkury Corp.,* No. 12-22938-CIV, 2014 WL 12498014, at *6 (S.D. Fla. Dec. 10, 2014) (citing *Citronelle–Mobile*, 943 F.2d at 1301), *report and recommendation adopted*, No. 12-22938-CIV, 2015 WL 11921404 (S.D. Fla. Jan. 21, 2015). "Parties to a court's order demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply." *Merkury Corp.,* 2014 WL 12498014, at *6 (quoting *Citronelle–Mobile*, 943 F.2d at 1301).

7

"District courts enjoy 'wide discretion to fashion an equitable remedy for [civil] contempt that is appropriate to the circumstances.'" *United States v. City of Miami,* 195 F.3d 1292, 1298 (11th Cir.1999) (citing *E.E.O.C. v. Guardian Pools, Inc.,* 828 F.2d 1507, 1515 (11th Cir.1987)). Nevertheless, "[c]ivil contempt sanctions may not be used to impose what amounts to a punitive or criminal contempt sanction." *See id.* "[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986) (internal quotation marks omitted). The contemnor must have the ability to purge the coercive sanction, otherwise it becomes a criminal punishment. And, the coercive sanction cannot be greater than necessary to induce compliance. *Citronelle–Mobile*, 943 F.2d at 1304. A remedial civil contempt sanction can include the attorney's fees incurred in seeking compliance with the Court's order. *Id.*

Romspen alleges two acts violated the Confidentiality Order: (1) filing the Second MSJ and (2) publishing the loan documents on the Website. Mr. Dibert has not argued that the Confidentiality Order was invalid, unlawful, or ambiguous. He also does not argue that he lacks the ability to comply with the Confidentiality Order.

There is unrebutted evidence that Mr. Dibert filed the loan documents in the public record as part of his Second MSJ. Mr. Dibert has not offered an explanation for this noncompliance with the Confidentiality Order. Therefore, pursuant to 28 U.S.C. §636(e)(6), the facts in Section I above are certified to Judge Cannon for

8

further proceedings.

There is also *prima facie* evidence that Mr. Dibert violated the Confidentiality Order by publishing the loan documents on the Website. *See* ECF No. 212 ¶6. Romspen cites to record evidence that Mr. Dibert has some control over the Website. ECF No. 374 at 2; *but see* ECF No. 373 at 2 (arguing Rompsen has not proven that Mr. Dibert controls the Website). Pursuant to 28 U.S.C. §636(e)(6), I certify the facts cited by Romspen to Judge Cannon for further contempt proceedings.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that:

1. Mr. Dibert's Motion to Strike [ECF No. 364] be DENIED
2. The request for sanctions under Fed. R. Civ. P. 37(a)(2)(B) be DENIED
3. Mr. Dibert be ordered to appear before the Hon. Aileen M. Cannon, at a time and place to be determined, and show cause why he should not be held in civil contempt based on the facts listed in Section I of this Report and Recommendation and the facts cited by Romspen on page 2 of ECF No. 374.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file

objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 13th day of November 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE