UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80992-CIV-CANNON/Reinhart

**ROMSPEN INVESTMENT LP**,

    Plaintiff,

v.

**STEPHEN J. DIBERT**,

    Defendant.
_____/

## ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS [ECF Nos. 279, 317]

**THIS CAUSE** comes before the Court upon Magistrate Judge Reinhart's Omnibus Order on Plaintiff's Motion for Sanctions (the "May 15 Omnibus Order") [ECF No. 279] and Magistrate Judge Reinhart's Subsequent Denial of Reconsideration (the "July 3 Order Denying Reconsideration") [ECF No. 317]. Plaintiff filed Objections under Federal Rule of Civil Procedure 72 to both the May 15 Omnibus Order and the July 3 Order Denying Reconsideration [ECF No. 339]. The Court has reviewed the Orders, the Objections, and the record as a whole. For the reasons set forth below, Plaintiff's Objections are **SUSTAINED IN PART AND OVERRULED IN PART**.

### RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Romspen Investment LP ("Plaintiff") filed this action against Defendant Stephen J. Dibert ("Defendant") and his related entities—MFI-Miami Holdings, LLC, MFI-Miami, LLC, and MFI-Miami NM, LLC—asserting claims for defamation, defamation per se, and civil

conspiracy [ECF No. 1].[1] The three entity Defendants, each wholly owned and operated by Dibert, were defaulted in March 2025 [ECF No. 242], and Defendant has proceeded pro se since February 2025 [ECF No. 197]. Plaintiff alleges that, from approximately 2022 through 2025 [ECF No. 60 p. 9; ECF No. 202 p. 2], Defendant published a series of online articles and blog posts falsely accusing Plaintiff of fraudulent lending practices, predatory foreclosure tactics, and illegal conduct in its mortgage-lending business [ECF No. 60 ¶¶ 64–81].

Throughout the discovery process, Defendant repeatedly disregarded Court orders, the Federal Rules of Civil Procedure, and basic standards of professional conduct [*see, e.g.*, ECF No. 133; ECF No. 144; ECF No. 156 p. 37; ECF No. 219 pp. 3–8; ECF No. 339; ECF No. 387]. For instance, he served wholly noncompliant initial disclosures [*See, e.g.*, ECF No. 133; ECF No. 155 pp. 7–8], failed to appear for two noticed depositions [ECF No. 279 p. 1], failed to work with Plaintiff on required joint submissions despite Court mandates to do so [ECF No. 97 p. 17; ECF No. 298-1 p. 2; ECF No. 298-2 p. 2; ECF No. 298-3 p. 2; ECF No. 298-4 p. 2; ECF No. 331 p. 1 n.1; ECF No. 331-1], and abruptly terminated a court-ordered deposition after only 18 minutes in a profanity-laced tirade toward opposing counsel [ECF No. 245-3 pp. 19–20]. These failures, and more, are catalogued and addressed in the Court's recent Order Granting Plaintiff's Motion Regarding Defendant's Inability to Introduce Trial Evidence and are incorporated herein for the sake of efficiency [ECF No. 387].

As a result of Defendant's misconduct, Plaintiff filed four related sanctions motions: (1) the Knowingly False Discovery Responses and Deposition Nonappearance Motion [ECF No. 225];

---

[1] Plaintiff subsequently amended its Complaint twice, first in August 2023 [ECF No. 21] and then in December 2023, filing the now-operative Second Amended Complaint [ECF No. 60]. Plaintiff previously named Adeena Weiss-Ortiz, Defendant's former attorney as a defendant, but later dropped that defendant in the operative pleading.

2

(2) the Deposition Misconduct Motion [ECF No. 245]; (3) the Rule 37 Fees Motion [ECF No. 237]; and (4) the Privilege-Log Sanctions and Contempt Motion [ECF No. 261]. Given the procedural morass of this case, each motion is summarized briefly below for context, along with additional steps in the procedural history that followed.

**Knowingly False Discovery Responses and Deposition Nonappearance Motion [ECF No. 225]**

At a March 7, 2025, discovery hearing, and in an Order subsequently memorializing the Court's rulings made during that hearing (the "March 7 Order"), Magistrate Judge Reinhart found that Defendant twice failed to appear for properly noticed depositions, entitling Plaintiff to recover its reasonable fees and costs associated with those missed depositions [ECF No. 219 pp. 6–7]. Magistrate Judge Reinhart, however, did not expressly determine whether Defendant's written discovery responses were false, instead permitting Plaintiff to file a separate motion seeking non-monetary sanctions on that basis [ECF No. 219 pp. 4–5]. Plaintiff's Motion for Sanctions Based on Knowingly False Discovery Responses and Deposition Nonappearance followed [ECF No. 225], arguing that Defendant's responses to Plaintiff's Requests for Production[2] and Interrogatories[3] are false [ECF No. 225 pp. 5–14]. As such, Plaintiff's requested (1) default

---

[2] One such false response, as explained by Plaintiff, is Defendant's statement that he does not possess or use any computers, servers, or electronic devices information related to Romspen [ECF No. 225-8 pp. 1–2]. This contrasts with (1) Defendant's affidavit "stating he travels the world and conducts his business by computer" [ECF No. 67-3]; (2) Defendant communicating with Plaintiff by email through the litigation [*see, e.g.*, ECF No. 203-1, 203-5]; (3) Defendant's continued posting of content about Romspen and its counsel, "which would be impossible if Defendants actually did not have any electronic devices under his control" [ECF No. 225 p. 7]; and (4) Defendant's statements on his blog that he "receives 6-8 emails a day from [Romspen] investors" [ECF No. 225-18], among other things.

[3] An example of a false response to Plaintiff's Interrogatories is Defendant's statement that he lacks not a single communication related in any way to any posting about Plaintiff [ECF No. 225-7 p. 3]. This is belied by Defendant's statement that he "receives 6-8 emails a day from [Romspen] investors" [ECF No. 225-18], among other things.

3

judgment establishing liability on all claims in Plaintiff's Second Amended Complaint and awarding compensatory and punitive damages identified in Plaintiff's Rule 26(a)(1) disclosures [ECF No. 225 p. 20]; (2) attorneys' fees and costs incurred in addressing Defendant's initial and amended discovery responses [ECF No. 225 p. 20]; and (3) in the alternative, an order compelling Defendant to produce his electronic devices, email accounts, and cloud-storage data for forensic inspection and production of withheld Electronically Stored Information ("ESI") [ECF No. 225 p. 20].

**Deposition Misconduct Motion [ECF No. 245]**

Plaintiff also filed a Motion for Sanctions, to include default judgment, based on Defendant's deposition noncompliance [ECF No. 245]. That Motion sought sanctions for Defendant's conduct during his March 5, 2025, court-ordered deposition, which he terminated after 18 minutes while using profanity toward counsel [ECF No. 279 p. 5]. Specifically, Plaintiff requested (1) default judgment on liability and damages [ECF No. 279 p. 5]; (2) an order compelling Defendant to complete his deposition under parameters set by the Court, including time, location, and conduct restrictions [ECF No. 245 p. 13 n.8]; and (3) reasonable attorneys' fees and costs incurred in preparing for and attempting to complete the deposition [ECF No. 245 p. 15].

**Rule 37 Fees Motion [ECF No. 258]**

Following Judge Reinhart's March 7, 2025, Order finding that Plaintiff was entitled to recover its reasonable fees and costs resulting from Defendant's failure to appear for two depositions, Plaintiff filed a motion under Rule 37 to quantify the amount owed and specify a date for payment [ECF No. 279 p. 3]. In that request, Plaintiff sought $51,948.69 in attorneys' fees plus the fees incurred in bringing the motion [ECF No. 258 p. 15–16], along with an order directing payment within fifteen days of the Court's order [ECF No. 258 p. 16].

**Privilege-Log Sanctions Motion [ECF No. 261]**

The March 7, 2025, Order further required Defendant to "send the Court the documents withheld as privilege so [the Court] can conduct an *in-camera* review" [ECF No. 219 p. 5]. Defendant did not comply, so on April 17, 2025, Magistrate Judge Reinhart made a finding that privilege had been waived and ordered Defendant to produce all of the withheld documents to Plaintiff by April 24, 2025 (the "April 17 Order") [ECF No. 257].  Plaintiff thereafter sought sanctions for Defendant's failure to comply with the April 17 Order requiring production of documents encompassed by his amended privilege log [ECF No. 261 p. 1].  Specifically, Plaintiff sought (1) a finding of civil contempt [ECF No. 279 p. 4]; (2) default judgment [ECF No. 285 p. 7]; (3) an order compelling production of Defendant's electronic devices and associated ESI for forensic imaging [ECF No. 261 p. 9]; and (4) an award of attorneys' fees and costs incurred in enforcing the discovery orders [ECF No. 279 p. 4].

**Judge Reinhart's Omnibus May 15 Order [ECF No. 279]**

On May 15, 2025, Magistrate Judge Reinhart issued the Omnibus Order on Motions for Sanctions (the "Omnibus May 15 Order") [ECF No. 279], resolving all four of Plaintiff's motions summarized above.  That order granted the Rule 37 Fees Motion [ECF No. 279 p. 16] and the Privilege-Log Sanctions and Contempt Motion [ECF No. 279 p. 16]; granted in part and denied in part the Deposition Misconduct Motion [ECF No. 279 p. 15–16]; and denied the Knowingly False Discovery Responses and Deposition Nonappearance Motion [ECF No. 279 p. 15].  While declining to impose non-monetary sanctions such as default, contempt, or forensic inspection, Magistrate Judge Reinhart awarded Plaintiff two forms of monetary relief: (1) reasonable attorneys' fees and costs incurred in preparing for and conducting Defendant's deposition and in filing the sanctions motions, and (2) $11,130 in attorneys' fees for earlier misconduct previously

5

deemed sanctionable [ECF No. 279 p. 16]. The May 15 Omnibus Order also found that Defendant had "eventually complied" with the April 17 Order and that further sanctions would be disproportionate to the conduct at issue [ECF No. 279 p. 6].

**Plaintiff Moves for Reconsideration of the Omnibus May 15 Order [ECF No. 285]**

On May 29, 2025, Plaintiff moved for reconsideration of Magistrate Judge Reinhart's Omnibus Order on Motions for Sanctions (the "May 29 Motion") [ECF No. 285], citing error in the following ways: (1) finding that Defendant complied with the April 17 Order despite producing only 19 of 66 emails [ECF No. 285 p. 5]; (2) failing to consider the cumulative nature of Defendant's discovery violations [ECF No. 285 pp. 9–13]; (3) declining to impose lesser sanctions in lieu of default [ECF No. 285 pp. 13–16]; (4) denying "fees on fees" [ECF No. 285 pp. 16–17]; and (5) not setting a deadline for payment of the monetary sanctions already awarded [ECF No. 285 pp. 2–3].

**Judge Reinhart Denies Reconsideration (July 3, 2025 Order) [ECF No. 317]**

On July 3, 2025, Magistrate Judge Reinhart denied reconsideration (the "July 3 Order Denying Reconsideration") [ECF No. 317], finding no new evidence, no clear error, and no change in law [ECF No. 317 pp. 2–3]—and also reaffirming that "fees on fees" were not warranted in the context of a sanctions motion stemming from discovery misconduct [ECF No. 317 p. 3].

**Plaintiff Objects to the Omnibus Order and the Denial of Reconsideration [ECF No. 339]**

This leads to Plaintiff's present Objections to the May 15 Omnibus Order and the July 3 Order Denying Reconsideration, each filed pursuant to Federal Rule of Civil Procedure 72 [ECF No. 339]. Plaintiff contends that Magistrate Judge Reinhart misapprehended the record by finding compliance with the April 17 Order [ECF No. 339 pp. 6–9]; failed to consider the cumulative nature of Defendant's misconduct [ECF No. 339 pp. 9–12]; erred in denying "fees on

6

fees" [ECF No. 339 pp. 14–15]; improperly disregarded a request for alternative sanctions because it appeared in a footnote [ECF No. 339 p. 4]; wrongly denied a forensic inspection of Defendant's devices [ECF No. 339 pp. 12–14]; and failed to set a payment deadline for the sanctions already awarded [ECF No. 339 p. 16]. Plaintiff also argues that the Magistrate Judge should have addressed potential evidentiary sanctions under Rule 37 [ECF No. 339 p. 13].

## LEGAL STANDARDS

The standard of review applicable to a magistrate judge's order depends on whether the matter is dispositive. Fed. R. Civ. P. 72(a), (b). To determine whether a sanction is dispositive, "the critical factor is what sanction the Magistrate Judge actually imposes, rather than the one requested by the party seeking sanctions." *Taverna Imps., Inc. v. A&M Wine & Spirits, Inc.,* 15-cv-24198, 2018 WL 3611405, at *10 (S.D. Fla. July 27, 2018); *see also* 12 Charles Alan Wright & Arthur R. Miller *Fed. Prac. & Proc. Civ.* § 3068.2 (3d ed., West 2005). So, "'[e]ven [where] a movant requests a sanction that would be dispositive, if the magistrate does not impose a dispositive sanction,' then the order is treated as not dispositive under Federal Rule of Civil Procedure 72(a)." *Sosa v. Carnival Corp.*, 18-cv-20957, 2018 WL 6335178, at *7 (S.D. Fla. Dec. 4, 2018) (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995)). If a matter is non-dispositive, as it is here, the "clearly erroneous or contrary to law standard" applies. Fed. R. Civ. P. 72(a) (establishing the clearly erroneous standard of review for discovery and other pretrial rulings by a magistrate judge). A finding of fact is clearly erroneous "if the record lacks substantial evidence to support it" or if the court is left with "a definite and firm conviction that an error has been committed." *Lincoln v. Bd. Of Regents of Univ. Sys. of Georgia*, 697 F.2d 928 (11th Cir. 1983); *Tolz*, 2010 WL 384745, at *2. Courts have broad discretion to impose sanctions for failure to comply with a discovery order. *Guarantee Insurance Co. v. Brand Management Service,*

*Inc.*, 12-cv-61670, 2013 WL 11941584, at *1 (S.D. Fla. Dec. 11, 2013). That discretion includes the authority to decline to impose sanctions, even in the presence of misconduct. *Mad Room LLC v. City of Miami*, 21-cv-23458, 2023 WL 4571157, at *4 (S.D. Fla. July 18, 2023).

## DISCUSSION

The Court addresses Plaintiff's objections in turn, applying clear error review.

**1. The Privilege Log Objection [ECF No. 339 pp. 6–9]**

On April 17, 2025, Magistrate Judge Reinhart ordered Defendant to produce all documents listed on his privilege log to Plaintiff by April 24, 2025, after deeming any asserted privilege waived for failure to submit the materials for in-camera review [ECF No. 257]. Defendant produced only nineteen of the sixty-six listed items—without attachments—on May 2, 2025 [ECF No. 279 p. 4], asserting that those were the only documents he possessed. Magistrate Judge Reinhart determined that Defendant's production complied with the April 17 Order, reasoning that Defendant "can't tender what he doesn't have" and finding "no basis to conclude that Defendant is withholding documents he was ordered to produce" [ECF No. 317 p. 2]. Plaintiff objects to that finding of compliance, observing that Plaintiff produced less than half of the documents listed in the privilege log.

Upon review, the Court agrees with Plaintiff that Defendant's production clearly did not comply with the April 17 Order to produce all of the documents contained on the privilege log. Many of the documents listed on the privilege log, including those held by Defendant's former counsel—Adeena Weiss-Ortiz [ECF No. 278 pp. 2–3]—were never produced [ECF No. 278-1 pp. 1–8]. Magistrate Judge Reinhart previously determined that such documents in counsel's possession were "deemed to be in Defendants' possession because [counsel] would have a duty to give them to Defendants" [ECF No. 176 p. 1]. That prior, accurate determination conflicts with

8

the later conclusion that Defendant complied merely by producing what was physically in his personal possession. Accordingly, because the April 17 Order required full production of all documents on the privilege log [ECF No. 257]—and because the record demonstrates that Defendant produced less than half of those documents [ECF No. 278-1 pp. 1–8; ECF No. 176 p. 1]—Magistrate Judge Reinhart's finding that Defendant "eventually complied" is clearly erroneous.

Plaintiff's objection is **sustained**.

    **2. The "Fees on Fees" Objection [ECF No. 339 pp. 14–15]**

Plaintiff objects to Magistrate Judge Reinhart's refusal to award "fees on fees"—that is, attorney's fees incurred in litigating the amount of attorney's fees resulting from Defendant's failure to abide by his discovery obligations [ECF No. 339 p. 15 (challenging July 3, 2025 Order Denying Reconsideration)]. In Plaintiff's view, denial of fees is contrary to law in this circumstance because such fees are recoverable under the mandatory language in Rule 37(b)(2)(C) for violations of court orders and the terms of Rule 37(d)(3) for reasonable fees "caused by the failure" [ECF No. 339 p. 15]. As noted above, Magistrate Judge Reinhart determined that "fees on fees" were not appropriate in the context of a sanctions motion arising from "discovery misconduct" [ECF No. 317 p. 3; ECF No. 292 (citing Fed. R. Civ. P. 37(a)(5)(A) (requiring payment of "reasonable expenses incurred in making the motion, including attorney's fees")].

Upon review, Plaintiff has not shown clear error in denial of the requested "fees on fees." Plaintiff cites Rule 37(b)(2)(C) as the source of its request for mandatory fees, but that provision governs failures to comply with a court order. Here, as far as the Court can tell, the motion for which fees on fees are sought originates from Defendant's failure to appear at the first two scheduled depositions—not from a violation of a court order as would be required to travel under

Rule 37(b)(2)(C). Plaintiff also cites Rule 37(d)(3), but the text of that provision—"the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure"—does not clearly contemplate an award of fees on fees (although it would not preclude such an award, either, and well could have been authorized in this case). In sum, because neither of these sources of sanction authority clearly dictates a mandatory award of fees on fees in this context, and because the imposition of fee awards is generally a discretionary exercise, the Court declines to disturb Magistrate Judge's Reinhart decision not to award "fees on fees."[4]

Plaintiff's objection is **overruled**.

3. **The Cumulative Effect Objection [ECF No. 339 pp. 11–14]**

Plaintiff also criticizes Magistrate Judge Reinhart's order for failing to consider the cumulative effect of Defendant's repeated discovery misconduct and argues that, when viewed collectively, such conduct warrants the entry of default judgment [ECF No. 339 pp. 11–14]. Although Plaintiff is certainly correct that Defendant's misconduct has been widespread and brazen [*see* ECF No. 387], Plaintiff does not offer controlling authority *requiring* entry of default under comparable circumstances, and Magistrate Judge Reinhart's decision not to enter default against Defendant is not clearly contrary to law.

Plaintiff's objection is **overruled**.

---

[4] The Eleventh Circuit's decision in *Norelus v. Denny's Inc.*, 628 F.3d 1270 (11th Cir. 2010), does not dictate a different result. That case concerned counsel's liability for excessive costs under 28 U.S.C. § 1927, not Rule 37. And while the decision does provide helpful insight into the distinction between mandatory versus permissive fee directives, there is still insufficient binding authority supporting Plaintiff's view that the terms of Rule 37(d)(3) *require* an award of fees on fees.

4. **The Footnote Objection [ECF No. 339 pp. 15–16]**

Plaintiff also objects to the Magistrate Judge's refusal to consider one of its sanctions requests (specifically, to resume Defendant's deposition under special conditions) because the request was presented in a footnote [ECF No. 339 pp. 15–16]. Plaintiff characterizes this refusal as contrary to law, arguing that courts routinely consider unopposed arguments, even when raised in footnotes, and that Magistrate Judge Reinhart's reliance on *Sony Music Ent. v. Vital Pharms., Inc.*, No. 21-cv-22825, 2022 WL 4771858 (S.D. Fla. Sept. 14, 2022), was misplaced [ECF No. 339 pp. 13–14]. This objection is overruled. While a court certainly can address a properly preserved argument made in a footnote, Plaintiff cites no Eleventh Circuit or Supreme Court precedent requiring consideration of such buried arguments [ECF No. 339 pp. 13–14]. Magistrate Judge Reinhart did not clearly err in declining to consider that request, made in a footnote, in the context of Plaintiff's many other requests.

Plaintiff's objection is **overruled**.

5. **The ESI Objection [ECF No. 339 p. 14]**

Next, Plaintiff objects to Magistrate Judge Reinhart's denial of its request for a sanction compelling Defendant to surrender his electronic devices for forensic imaging, arguing that such relief was appropriate given Defendant's repeated failure to provide discovery and the resulting deprivation of relevant materials [ECF No. 339 p. 14]. Magistrate Judge Reinhart denied this request, questioning the underlying premise warranting such imaging and reasoning, in any event, that requiring such relief would not be proportional to the discovery needs in the case under the procedural posture presented [ECF No. 279 p. 8]. This determination is not clearly erroneous, although Plaintiff is correct to point out the very dubious nature of at least some of Defendant's discovery assertions.

11

Plaintiff's objection is **overruled**.

6. **The Deadline Objection [ECF No. 339 p. 18]**

Plaintiff objects to the Magistrate Judge's decision not to impose a specific deadline for payment of the $11,130 sanctions award and to defer that determination to Judge Rosenberg at the conclusion of the case [ECF No. 339 pp. 16]. This determination, while perhaps frustrating given Defendant's ongoing lack of compliance, is not clearly erroneous. Plaintiff may re-raise this request at the conclusion of the case for consideration in a complete manner.

Plaintiff's objection is **overruled**, the merits of which can be raised going forward.

7. **The Remedies Objection [ECF No. 339 p. 15]**

Finally, Plaintiff objects that Magistrate Judge Reinhart declined to impose additional trial-related remedies, instead indicating that Plaintiff "may be entitled to other remedies at the time of trial which could include sanctions such as directing that matters embraced in the order or other designated facts be taken as established for the purposes of the action, or prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence" [ECF No. 339 p. 13]. Plaintiff contends that the Magistrate Judge's "wait-and-see" approach was erroneous and that such sanctions should be imposed now. The Court disagrees. There is nothing clearly erroneous about deferring final consideration of such additional sanctions given the procedural morass of this case. Moreover, to the extent this request overlaps with Plaintiff's Motion to Prohibit Defendant from Introducing Documentary or Testimonial Evidence at Trial [ECF No. 340], the Court addressed those issues in a separate order in favor of Plaintiff.

CASE NO. 23-80992-CIV-CANNON/Reinhart

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections [ECF No. 339] to the May 15 Omnibus Order [ECF No. 279] and July 3 Order Denying Reconsideration [ECF No. 317] are **OVERRULED IN PART AND SUSTAINED IN PART**, in accordance with this Order.

2. To the extent this Order necessitates further consideration during or after trial, Plaintiff may advise the Court during the bench trial and may file a motion for leave, if appropriate.

**ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of January 2026.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record