UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80992-CIV-CANNON/Reinhart

**ROMSPEN INVESTMENT LP**,

    Plaintiff,

v.

**STEPHEN J. DIBERT,
MFI-MIAMI HOLDINGS LLC,
MFI-MIAMI LLC,** and
**MFI-MIAMI NM LLC,**

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S REQUEST TO TAKE JUDICIAL NOTICE

**THIS CAUSE** comes before the Court upon Plaintiff Romspen Investment LP's Request for Judicial Notice [ECF No. 399].  The Motion accords with the Court's directives during the bench trial in this matter and asks the Court to take judicial notice of: (a) the Supplemental Final Judgment Awarding Plaintiff's Attorneys' Fees and Interest and Setting Foreclosure Sale entered in *TIG Romspen US Master Mortgage LP v. 7 at Blue Lagoon (1), LLC et al.*, Case No. 2023-017596-CA-01 (Fla. 11th Jud. Cir.); and (b) the Unopposed Order Continuing Hearings entered in *In re: 7 At Blue Lagoon (1), LLC*, Case Nos. 25-21286-RAM & 25-21287-RAM (Bankr. S.D. Fla.).

Under Federal Rule of Evidence 201, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  It is well established that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F. 3d 1549, 1553 (11th Cir. 1994).  This authority extends to state court

proceedings and includes the ability to notice opinions and judgments attached as exhibits to a party's filings.  *See Coney v. Smith*, 738 F. 2d 1199, 1200 (11th Cir. 1984) (noting that a district court may take judicial notice of state court proceedings); *see also Davis v. Self*, 547 F. App'x. 927, 929 (11th Cir. 2013).

The Court is well within its authority to take judicial notice of the state court and bankruptcy court orders attached to Plaintiff's Request.  The Court does so for the limited purpose of recognizing the judicial acts that these orders represent and the subject matter of the related proceedings.  However, a court "may not take judicial notice of a finding of fact by the bankruptcy court," nor may it notice the accuracy of factual allegations within state court pleadings.  *In re Delta Resources, Inc.*, 54 F. 3d 722, 726 (11th Cir. 1995); *F.D.I.C. v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 2013 WL 1912838, at *2 (M.D. Fla. May 9, 2013).  As such, these documents are noticed only for their legal effect and the fact of their entry, not for the purpose of adopting any contested factual findings as true.

For the foregoing reasons, it is hereby ORDERED **AND ADJUDGED** as follows:

1. Plaintiff's Request for Judicial Notice [ECF No. 399] is **GRANTED**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of January 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record