**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80992-CIV-CANNON/Reinhart**

**ROMSPEN INVESTMENT LP**,

Plaintiff,

v.

**STEPHEN J. DIBERT,**
**MFI-MIAMI HOLDINGS LLC,**
**MFI-MIAMI LLC,** and
**MFI-MIAMI NM LLC,**

Defendants.
________________________________/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION ON MOTION [ECF Nos. 366, 305]**

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce E. Reinhart's Report and Recommendation (the "Report"), issued on October 7, 2025 [ECF No. 366]. The Report recommends that Plaintiff's Motion for Attorneys' Fees (the "Motion") be granted in part and denied in part [ECF No. 305]. Objections to the Report were due on October 21, 2025 [ECF No. 366 pp. 14–15]. No party filed objections, and the time to do so has expired [ECF No. 366 p. 15; ECF No. 369 (Plaintiff filed a Notice of No Objection to the Report)]. Upon review, the Report is **ACCEPTED** [ECF No. 366], and Plaintiff's Motion for Attorneys' Fees [ECF No. 305] is **GRANTED IN PART AND DENIED IN PART** in accordance with the Report and this Order.

**LEGAL STANDARDS**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject,

or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784.

**DISCUSSION**

The Report recommends that Plaintiff be awarded $34,228.75 in attorneys' fees and $1,907.19 in costs, an amount determined in the Report to be reasonable [ECF No. 366 pp. 4–14 (applying the lodestar method and reducing Plaintiff's requested fees from $98,217.61 based on findings that certain hours were excessive, redundant, or otherwise unnecessary)]. No party objected to this conclusion, and the Court sees no clear basis to disturb it.

**CONCLUSION**

Accordingly, for the reasons set forth in the Report [ECF No. 366], it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 366] is **ACCEPTED**.
2. Plaintiff's Motion for Attorneys' Fees [ECF No. 305] is **GRANTED IN PART AND DENIED IN PART**.
3. Plaintiff is awarded attorneys' fees in the amount of $34,228.75 in attorneys' fees and $1,907.19 in costs [ECF No. 366], to be paid by Defendant within **90 days** of this Order.

**ORDERED** in Chambers at Fort Pierce, Florida, this 27th day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record