**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-80992-CIV-CANNON/Reinhart**

**ROMSPEN INVESTMENT LP**,

Plaintiff,

v.

**STEPHEN J. DIBERT,**
**MFI-MIAMI HOLDINGS LLC,**
**MFI-MIAMI LLC,** and
**MFI-MIAMI NM LLC,**

Defendants.
_________________________________/

**ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION**
**AND OVERRULING OBJECTIONS**

**THIS CAUSE** comes before the Court upon the Report and Recommendation on Plaintiff's Motion for Sanctions and Certification to District Court ("Report") [ECF No. 375], entered by Magistrate Judge Bruce E. Reinhart on November 13, 2025. The Report recommends that the Court deny Defendant Stephen J. Dibert's Motion to Strike [ECF Nos. 364, 373] and certifies facts to the District Court for civil contempt proceedings regarding Plaintiff's Expedited Motion to Seal and for Sanctions [ECF No. 355] and Supplement thereto [ECF No. 360]. Defendant filed an Objections [ECF No. 377], and Plaintiff filed a Response [ECF No. 379].

For the reasons set forth below, the Report [ECF No. 375] is **ACCEPTED IN PART** as set forth below.

**RELEVANT BACKGROUND**

This case arises from Plaintiff's claims against Defendant and his affiliated entities for defamation [ECF No. 60].[1] On March 4, 2025, the Court entered a Confidentiality Order [ECF No. 212] to protect sensitive financial and business information exchanged during discovery; the Order explicitly warns that non-compliance may be punishable as contempt [ECF No. 212 ¶ 23]. In May 2025, Defendant filed a Motion for Summary Judgment [ECF No. 281] that publicly disclosed material marked as confidential, prompting the Court to seal those filings [ECF No. 287]. On August 13, 2025, Defendant filed another "Motion for Leave to File His Motion for Summary Judgment" (the "Second Motion") [ECF No. 343] that again publicly disclosed the same confidential material. Less than 48 hours later, that confidential material appeared on romspenreport.com—a website that Plaintiff alleges Defendant operates and has used to publish defamatory content [ECF No. 360 pp. 1–3]. The present dispute concerns August 13, 2025, filing [ECF No. 343] and the subsequent website publication.

Defendant's Second Motion included a proposed summary judgment motion that quoted and discussed materials Romspen had designated as "Confidential" (specifically, the "Original Loan Approval Memorandum"), which the Court previously found to be covered by the March 4, 2025 Confidentiality Order [ECF Nos. 212, 286 (Plaintiff requesting that, among other things, a filing containing materials from the "Original Loan Approval Memorandum" be sealed because they are covered by the Confidentiality Order), 287 (paperless order sealing docket entries containing materials from the "Original Loan Approval Memorandum" due to their confidential nature)]. This led to Plaintiff filing an Expedited Motion to Seal and for Sanctions [ECF No. 355],

[1] Contemporaneous to this Order, the Court enters Findings of Fact and Conclusions of Law following a trial held in January 2026 [ECF No. 396].

which sought: (1) an order sealing Defendant's Second Motion; (2) a civil contempt monetary sanction of $15,000; and (3) an award of attorney's fees [ECF No. 355 p. 10]. In this motion, Plaintiff argued that Defendant had willfully repeated the exact same violation for which his previous summary judgment motion had been sealed in May 2025 [ECF No. 355 pp. 4–7].

While the Expedited Motion [ECF No. 355] was pending, on August 17, 2025, the confidential "Original Loan Approval Memorandum" was posted on the website romspenreport.com [ECF No. 360-1]. This led to Plaintiff filing a Supplement to its Motion for Sanctions [ECF No. 360]. In this filing, Plaintiff sought additional sanctions, including: (1) striking Defendant's Answer and Affirmative Defenses; (2) entering default judgment against Defendant; (3) requiring the removal and destruction of the confidential information; and (4) identifying all recipients of the disclosed material [ECF No. 360 pp. 4–5]. Plaintiff argued that the publication constituted a further violation of the Confidentiality Order, warranting the most severe sanctions available [ECF No. 360 pp. 4–5].

The Court referred the Motion for Sanctions [ECF No. 355] and the Supplement [ECF No. 360] to Judge Reinhart for a Report and Recommendation [ECF No. 367]. On November 13, 2025, Judge Reinhart issued the instant Report and Recommendation [ECF No. 375]. The Report finds "unrebutted evidence that Mr. Dibert filed the loan documents in the public record" and "prima facie evidence that Mr. Dibert violated the Confidentiality Order by publishing the loan documents on the Website" [ECF No. 375 pp. 8–9]. Upon these findings, Judge Reinhart certifies the facts to this Court for civil contempt proceedings but recommends denying the request for sanctions under Rule 37, as that rule applies to discovery violations rather than protective orders [ECF No. 375 p. 6].

Following the Report, Plaintiff filed a Notice of No Objections [ECF No. 376]. Defendant filed a "Notice of Objections" [ECF No. 377], in which he argued that: (1) he does not own the website romspenreport.com; (2) the documents are "public domain" because similar financial information appears in other lawsuits; and (3) Plaintiff filed its sanctions motion without leave of Court [ECF No. 377 pp. 1–4]. Plaintiff responded to these objections [ECF No. 379], arguing that: (1) website ownership is irrelevant to the filing violation and contradicted by Defendant's prior admissions of control; (2) the "public domain" argument is waived and factually meritless regarding the specific confidential memo; and (3) the objections fail to address the core finding of the Report regarding the court filing [ECF No. 379 pp. 1–3].

## LEGAL STANDARDS

A party may serve and file specific written objections to a Magistrate Judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). When a valid objection is made, the district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). However, when no objection is made, or when the objections are conclusory, general, or simply rehash arguments already rejected by the Magistrate Judge, the Court reviews the report for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006); *Garvey v. Vaugh*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## DISCUSSION

***The Objection Regarding Website Ownership Is Irrelevant and Overruled***

Defendant's primary objection is that he "does not own" the website romspenreport.com and therefore cannot be responsible for the posting [ECF No. 377 p. 2]. Upon clear error review, however, this argument fails to identify any clear error in the Report because it ignores the independent and sufficient ground for the Magistrate Judge's recommendation: the court filing

itself. *See Fibertex Corp. v. New Concepts Distributors Int'l, LLC*, No. 20-20720-CIV, 2021 WL 302645, at *3 (S.D. Fla. Jan. 29, 2021) ("This objection rehashes an argument rejected by Judge Torres and thus is entitled to clear error review.").

The Report finds unrebutted evidence that Defendant filed the loan documents in the public record as part of his Second Motion [ECF No. 375 p. 8]. Defendant's objection does not contest this finding. Even if the Court accepted Defendant's false claim that he has no control over the website, the certification of contempt facts would still stand based entirely on his act of filing the Second Motion. Because the "website ownership" objection does not address or refute the primary violation certified by the Magistrate Judge, it does not impact the outcome of the Report and is overruled.

***There Is No Clear Error in the Magistrate Judge's Findings***

The Court finds no clear error in Judge Reinhart's comprehensive reasoning. More specifically, the record confirms that a valid Confidentiality Order was in place [ECF No. 212], that the Order covered the documents at issue [ECF No. 286 (paperless order sealing motion for summary judgment and an exhibit because it contained information from the "Original Loan Approval Memorandum")], and that Defendant knowingly violated the Order [ECF Nos. 286-6 (noting that the documents sought—one of which was the "Original Loan Approval Memorandum"—are covered by the Confidentiality Order), 286-7 (email sent to Defendant clearly stating that the "Original Loan Approval Memorandum" is covered by the Confidential Order)].

First, the Confidentiality Order was valid and unambiguous. It explicitly covered "financial information" and information designated by a party as confidential [ECF No. 212 ¶ 2(c)]. It also provided a clear mechanism for challenging a designation: a party must "meet and

confer" and then file a motion with the Court [ECF No. 212 ¶¶ 13–14]. Defendant does not dispute the validity of either of these provisions [ECF Nos. 364, 375, 377].

Second, Defendant knew the "Original Loan Approval Memorandum" was protected. The Plaintiff had previously designated it as confidential [ECF Nos. 286-6 (Plaintiff making Defendant aware via email that the documents sought—one of which was the "Original Loan Approval Memorandum"—are covered by the Confidentiality Order), 286-7 (email sent to Defendant clearly stating that the "Original Loan Approval Memorandum" is covered by the Confidential Order)], and the Court had already sealed Defendant's previous attempt to file it in May 2025 [ECF No. 286 (paperless order sealing motion for summary judgment and an exhibit because it contained information from the "Original Loan Approval Memorandum")]. By filing a pleading that discussed and quoted material that had been marked by Plaintiff as confidential [ECF No. 287 (paperless order sealing docket entries containing materials from the "Original Loan Approval Memorandum" due to their confidential nature)] and previously sealed by this Court [ECF No. 281], Defendant knowingly bypassed the Order's established procedures.

Finally, Defendant did not follow the mandatory procedures to contest the confidentiality designation. It is undisputed that the Confidentiality Order provided the means by which a party may challenge the designation of information as Confidential [ECF No. 212]. Rather than use this defined mechanism, Defendant engaged in unilateral disclosure [ECF No. 343].

Accordingly, in light of the validity of the Confidentiality Order, Defendant's knowledge that the "Original Loan Approval Memorandum" fell within the Confidentiality Order, and Defendant's public filing of the "Original Loan Approval Memorandum," Magistrate Judge Reinhart correctly determined that this conduct constitutes a violation of a valid court order.

***Defendant's Remaining Arguments Are Without Merit***

Defendant raises two additional arguments that warrant brief discussion.

First, Defendant argues that Romspen filed its sanctions motion without leave of Court [ECF No. 377 p. 1]. This argument fundamentally misconstrues the record, as: (1) Plaintiff sought leave to file its Motion and its supplement [ECF Nos. 346, 349, 357, 359]; (2) the Court granted Plaintiff leave to supplement its pending sanctions motion on August 21, 2025 [ECF No. 359]; and (3) "[t]he supplemental pleading necessarily incorporated the initial pleading" [ECF No. 375 p. 5].

Second, Defendant contends that the confidential materials are "already in the public eye" because similar information appeared in other court proceedings [ECF No. 377 pp. 2–4]. However, as Plaintiff notes, this argument was not raised before Magistrate Judge Reinhart and is therefore waived [ECF No. 379 p. 2]. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Starks v. United States*, No. 07-20588-CR, 2010 WL 4192875, at *3 (S.D. Fla. Oct. 19, 2010) ("Arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation."). Moreover, even if the argument were properly before the Court, it would fail: the Confidentiality Order provided a mechanism for challenging confidentiality designations, which Defendant did not follow [ECF No. 212 ¶¶ 12–14].

**DISCUSSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 375] is **ACCEPTED IN PART**. The Court adopts the Magistrate Judge's certified findings concerning Defendant Dibert's violations of the Confidentiality Order. However, in light of the Court's

entry of Final Judgment and Permanent Injunction, the Court determines that a separate civil contempt hearing is not advisable at this time.

2. Defendant Dibert's Objection [ECF No. 377] are **OVERRULED**.

3. Plaintiff's Expedited Motion for Sanctions [ECF No. 355] and Supplement [ECF No. 360] is **GRANTED IN PART AND DENIED IN PART** consistent with the Report and Recommendation [ECF No. 375].

**ORDERED** in Chambers at Fort Pierce, Florida on this 27th day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record